Michael GREENWOOD, Robert Norby
and Dakminn Industries, Inc.,
Plaintiffs and Appellants,

v.

AMERICAN FAMILY INSURANCE
COMPANY and Lincoln Huseby,
Defendants and Appellees.

Civ. No. 11233.

Supreme Court of North Dakota.

Dec. 16, 1986.

John C. McNulty (argued) and Marcy S. Wallace and Charlotte M. Reed, of McNulty & Wallace, St. Paul, Minn., and Randolph E. Stefanson, of Stefanson, Landberg, Plambeck & Geeslin, Moorhead, Minn., for plaintiffs and appellants.

Pamela J. Hermes (argued) and Carlton J. Hunke, of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant and appellee American Family Ins. Co.

Ronald H. McLean (argued) and Maureen Holman, of Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, for defendant and appellee Lincoln Huseby.

VANDE WALLE, Justice.

Plaintiffs Michael Greenwood and Robert Norby appeal from an order denying their motion to vacate a summary judgment of dismissal against them and from an order denying their motion to amend the complaint. We affirm.

Plaintiff Dakminn Industries, Inc. (Dakminn), appeals from a summary judgment of dismissal against it and from an order denying its motion to amend the complaint. We reverse and remand to allow Dakminn to amend its complaint and for a trial on the merits.

Greenwood is Dakminn's president and Norby is its vice president. James Ziebart, whose death in August 1982 gave rise to this lawsuit, was a key employee of the company. Dakminn is a closely held corporation engaged in research and development of concrete housing.

During 1981 Dakminn sought to obtain a $135,000 capital loan from the Union State Bank (the Bank) to begin manufacturing operations. As a condition to giving Dakminn its loan, the Bank required personal guarantees from Greenwood, Norby, and Ziebart. It also required that each of them secure credit life insurance. The three filed applications for life insurance through American Family's insurance agent, Lincoln Huseby. At Huseby's request Greenwood submitted a $300 corporate check as a premium prepayment on the policies which were to provide $135,000 of life insurance coverage for each applicant. What occurred after the applications were submitted is disputed by the parties. Following Ziebart's death, American Family denied that an insurance policy had been issued for Greenwood, Norby, or Ziebart and it denied any obligation to pay a life benefit for Ziebart's death.

Greenwood, Norby, and Dakminn then filed this lawsuit for damages against American Family and Huseby asserting fraud, negligent misrepresentation, and breach of contract. American Family and Huseby subsequently moved the court for summary judgments of dismissal. On August 1, 1985, the trial court entered a summary judgment of dismissal against Greenwood and Norby for failing to appear or otherwise resist the summary-judgment motions, and on January 9, 1986, the court denied a motion to vacate that judgment. On January 9, 1986, the trial court entered a summary judgment against Dakminn, dismissing its action against American Family and Huseby with prejudice on the merits.

On appeal Greenwood and Norby assert that the trial court abused its discretion in refusing to vacate the summary-judgment dismissal against them.

A motion for relief from a judgment or order is permitted under Rule 60(b), N.D.R. Civ.P., which provides in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; ... or (vi) any other reason justifying relief from the operation of the judgment."

The standard under which we review a trial court's denial of a motion to vacate a judgment is accurately set forth in *Fleck v. Fleck*, 337 N.W.2d 786, 789–790 (N.D.1983):

"The function of this court in reviewing a trial court's denial of a motion to set aside a regularly entered judgment is not to determine if the trial court was substantively correct in entering the judgment from which relief is sought, but is to determine if the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established.... An abuse of discretion on the part of the trial court is never assumed, but must be affirmatively established.

\* \* \* \* \* \*

"A mere recitation of the grounds set forth to Rule 60(b), N.D.R.Civ.P., without specific details underlying such assertions, is not sufficient to afford relief."

In reviewing a court's ruling under Rule 60(b), N.D.R.Civ.P., we are limited by the abuse-of-discretion standard, and we will not overturn the trial court's decision merely because it is not the one we might have made had we decided the original motion. *State Bank of Burleigh County Trust Company v. Patten*, 357 N.W.2d 239 (N.D. 1984).

In reviewing the court's refusal to vacate the judgment of dismissal against Norby and Greenwood we do not have before us a transcript of the hearing on the motion. Norby and Greenwood apparently did not submit a brief on the motion to the trial court. Their written motion states that it

is based upon Dakminn's affidavits and memoranda submitted in opposition to the summary-judgment motion against Dakminn. Dakminn's documents relate primarily to the merits of its claims and, with one exception, do not refer to possible grounds for relief under Rule 60(b), N.D.R.Civ.P. The exception is Greenwood's affidavit which, although not expressly referring to Rule 60(b), N.D.R.Civ.P., does state that bankruptcy proceedings for Dakminn made it necessary to obtain permission from the bankruptcy court for funds to retain counsel to represent Dakminn as well as Greenwood and Norby and that obtaining such approval affected Greenwood's ability to "move the case forward in the expeditious manner that I wish." Greenwood's affidavit also states that he and Norby were not represented at the summary-judgment hearing "for I was informed by the attorneys handling Dakminn's Chapter 11 ... that the summary judgment motion would necessarily, due to the overriding authority of the Bankruptcy Court, be temporarily stayed," and because "we had not been able to retain substitute counsel" subsequent to the trial court's approval of the withdrawal of their prior counsel.

John McNulty, Greenwood and Norby's counsel on this appeal, also filed an affidavit stating that prior to the hearing on the summary-judgment motion he advised defendant's counsel that Greenwood and Norby would not be making an appearance at the hearing because they had not been able to make satisfactory arrangements to retain his firm as counsel for them. His affidavit also states that he requested defendant's counsel to grant plaintiffs a voluntary continuance but the request was denied. No explanation is provided as to why Greenwood and Norby did not request the trial court, rather than opposing counsel, for a continuance.

Other than the foregoing statements in Greenwood and McNulty's affidavits, the trial court was not furnished with any explanation of Greenwood and Norby's failure to appear or oppose the summary-

judgment motion against them. Consequently, we conclude that Greenwood and Norby have failed to demonstrate that the trial court abused its discretion in denying the motion to vacate.

Dakminn, Greenwood and Norby assert on appeal that the trial court abused its discretion in denying their motion to amend the complaint. Having upheld the trial court's summary judgment of dismissal against Greenwood and Norby it is necessary to discuss this issue only as it relates to plaintiff Dakminn.

The motion to amend contained two substantive changes to the original complaint. The first was to allege that the Bank and Ziebart's estate, the named beneficiaries on Ziebart's insurance application, had assigned to the plaintiffs, subsequent to the filing of the original complaint, all of its rights against American Family and Huseby. The second change to the complaint was to add, as a theory of recovery, an allegation of negligent delay by American Family in notifying Ziebart that his application for life insurance had been denied.

■ Pursuant to Rule 15(a), N.D.R. Civ.P., a party may amend its pleading by leave of court, and such leave "shall be freely given when justice so requires." The propriety of permitting an amendment under the rule is a discretionary matter for the trial court, and its decision will not be overturned by this court unless there is an abuse of discretion. *Bender v. Time Insurance Company*, 286 N.W.2d 489 (N.D. 1979); *Crosby v. Sande*, 180 N.W.2d 164 (N.D.1970).

Although the trial court stated that it was denying Dakminn's motion to amend the complaint because it was not timely, we believe the following statement by the trial court in its memorandum opinion, dated December 12, 1985, provides the primary underlying basis upon which the court denied the motion:

> "The issue is moot in view of the granting of summary judgment as to Dakminn and in view of denying vacation of the judgments rendered against Greenwood and Norby."

The trial court obviously determined that because summary judgment of dismissal against the plaintiffs was appropriate there remained no valid complaint to be amended. As will be subsequently discussed in this opinion, the trial court erred in granting a summary judgment of dismissal against Dakminn. Consequently, we conclude that the trial court erred in relying on the dismissal as a basis for denying Dakminn's motion to amend the complaint.

■ Dakminn asserts that justice requires the allowance of the amendments to the complaint, because the motion was timely, having been made prior to the filing by any party of a certificate of readiness or note of issue under Rule 40(b), N.D.R. Civ.P., and also because no prejudice would result in requiring American Family and Huseby to defend the case under the amended complaint. The requested amendment to include a statement in the complaint that the Bank and Ziebart's estate have assigned their rights in the case to Dakminn is merely an allegation of fact which may be easily proved or disproved at a trial on the merits. We do not believe that such amendment is untimely or prejudicial to the defendants. Likewise, the requested amendment to add a specific allegation of negligent delay as a basis for recovery does not, in our opinion, significantly alter or complicate the defendant's defense of this case, and its inclusion in the complaint at this stage of the proceedings would not be prejudicial to the defendants. Accordingly, we conclude that the trial court abused its discretion in denying Dakminn's motion to amend the complaint. Upon remand Dakminn should be allowed to amend its complaint in this regard.

■ The trial court entered a summary judgment of dismissal against Dakminn on the ground that there were no triable issues of material fact upon which American Family or Huseby could be found liable in this case. A motion for summary judgment should be granted only if, upon taking a view of the evidence most favorable to the party against whom the motion is

sought, it appears that there is no genuine issue as to any material fact and that the party seeking summary judgment is entitled to it as a matter of law. *Brown v. North Dakota State University*, 372 N.W.2d 879 (N.D.1985). The party moving for summary judgment has a burden of establishing that there is no genuine issue as to any material fact or as to any inferences reasonably deducible therefrom. *Brown, supra; Benson County Co-op Credit Union v. Central Livestock Ass'n, Inc.*, 300 N.W.2d 236 (N.D.1980); *Farmers Elevator Company v. David*, 234 N.W.2d 26 (N.D.1975). We conclude that there are genuine issues of material fact in this case which render summary judgment inappropriate as to either defendant.

Dakminn has asserted that on several occasions Huseby, subsequent to the submission of Ziebart's insurance application, assured its officers and officers of the Bank that insurance policies had been issued by American Family to provide life insurance coverage for Greenwood, Norby, and Ziebart. It is conceded that during February 1982, Norby received a letter from American Family stating that his insurance application was being rejected because he had failed to take the required medical examination. Although American Family contends that identical letters were sent to Greenwood and Ziebart those two individuals deny having received the letters. Regarding Norby's letter, Huseby allegedly informed Greenwood that all three men were covered by life insurance policies issued by American Family, that the letter from American Family was sent to harass its agents and could be disregarded, and that nothing further was required of the insureds to continue their coverage.

American Family asserts that, in addition to informing the applicants that insurance coverage was being denied, it sent Huseby a $300 premium refund check to be returned to the applicants. Dakminn asserts that the $300 premium was never returned by Huseby to Dakminn or the insureds. Dakminn also contends that when Greenwood notified Huseby of Ziebart's death Huseby stated that the insurance policies were in effect and did not mention any potential problem in collecting the death benefit.

Huseby asserts that he owed no duty to Dakminn because it, as a corporate entity, was neither an insured nor a listed beneficiary on the insurance applications. We believe that Huseby's assertion in this regard is without merit for two reasons. First, the $300 premium payment was paid with Dakminn's corporate check and the life insurance was sought as security for repayment of a loan to the corporation. Thus, there are factual allegations to support a contention that Dakminn is an intended third-party beneficiary of the insurance proceeds with a legal right to seek payment of those proceeds. See Section 9–02–04, N.D.C.C. Secondly, Dakminn has alleged, under the amended complaint and by affidavit, that it has received an assignment from the Bank and Ziebart's estate to whatever rights they have against the defendants in this case.

■ Having reviewed the record in this case, we conclude that there are genuine issues of material fact which make summary judgment in favor of Huseby inappropriate. We believe that Dakminn has asserted facts which, if proven, could subject Huseby to liability for damages on the grounds of fraud and negligence.

American Family asserts that, as a matter of law, it cannot be held liable in this case because the following language within Ziebart's insurance application precludes liability on the part of American Family for the alleged representations and conduct of its agent, Huseby:

"IT IS AGREED: ... 3) no agent or medical examiner has authority to waive the answer to any question in the application, to pass on insurability or accept risks, to waive any of the Company's rights or requirements or to make or alter any contract; ... 5) except as may be provided in the Conditional Receipt bearing the same number and same date as this application no insurance shall take effect unless a policy issued by the

Company is accepted by the applicant and the full first premium is paid prior to any change since the date òf application in the insurability of and during the lifetime and good health of the proposed insured; ..."

We do not agree that the foregoing provision, as a matter of law, exonerates American Family from potential liability in this case.

■ An insurer is bound by the acts of its agent which are within the scope of the agent's apparent authority, except as to those acts of which the insured has notice that the agent's authority has been limited. See *National Farmers Union Property & Casualty v. Michaelson*, 110 N.W.2d 431 (N.D.1961). Although American Family's insurance application form which was completed by Ziebart places some limitation on Huseby's authority as an agent, it does not unconditionally divest Huseby of all authority to speak on the company's behalf. American Family would have us interpret the provision as an absolute disclaimer of the company's liability for any action of its agents. We do not consider that to be a reasonable construction of the provision, and we refuse to so construe it. Although the application states that "no insurance shall take effect unless a policy issued by the Company is accepted by the applicant" it does not thereby, as a matter of law, limit Huseby's apparent authority to subsequently inform a client that an insurance policy has been issued and that coverage is therefore in effect. Dakminn alleges that Huseby made such assurances to the insureds in this case, and if proven that such statements were wrongfully or negligently made American Family may be subject to liability for them.

■ In accordance with the insurance application life insurance may take effect, even though an insurance policy has not been issued, if such coverage is provided through a Conditional Receipt. Although Dakminn has not at this stage of the proceedings produced a signed Conditional Receipt applicable to Ziebart's insurance application, it has asserted that such a receipt

may exist but may not have been forwarded by Huseby to Dakminn or any of the applicants. We believe this matter constitutes a fact question to be determined at a trial on the merits.

Through its amended complaint Dakminn specifically alleges that American Family is liable for negligent delay in responding to the insurance applications. The facts underlying this contention are in dispute. American Family asserts that it sent timely letters notifying each of the applicants that insurance coverage was being denied for failure to complete a medical examination. However, Dakminn asserts that neither Greenwood nor Ziebart received such letters and that Norby's letter was untimely. Dakminn also contends, in effect, that Huseby's assurances that insurance policies had been issued and coverage was in effect voided any contrary attempt by American Family to notify the applicants that their applications had been rejected. This court has recognized that an insurance company may be liable in tort for negligent delay even though the application for insurance is not approved and no policy or contract of insurance has been issued. See *National Farmers Union Property & Casualty Company v. Michaelson*, 110 N.W.2d 431 (N.D.1961); *Mann v. Policyholders' National Life Insurance Company*, 78 N.D. 724, 51 N.W.2d 853 (1952). We believe that there are genuine issues of material fact relative to Dakminn's claim against American Family for negligent delay which require resolution at a trial on the merits.

Dakminn also alleges that Huseby committed other wrongful acts such as informing the insureds that medical examinations were not necessary to retain life insurance coverage from American Family, failing to refund the $300 premium payment, and failing to inform the insureds that American Family had refused to accept their insurance applications. We believe those allegations also raise factual questions as to whether Huseby committed wrongful acts within his apparent authority which would subject American Family to liability for

damages in this case. American Family concedes that it sent the $300 premium refund to its agent, Huseby, rather than directly to the insureds. That action by American Family provides some indication that Huseby continued to have authority to act on the company's behalf, and the extent of that actual authority is also a question of fact to be tried on the merits.

We hold that the trial court erred in granting summary judgment to American Family and Huseby. There are material factual issues in dispute which require a trial on the merits. Accordingly, we reverse and remand with directions that the trial court allow Dakminn to amend its complaint and proceed with the case for disposition on its merits.

ERICKSTAD, C.J., MESCHKE and GIERKE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.