2001 ND 46

**HALL FAMILY LIVING TRUST BY**
**Kenneth H. HALL, Trustee,**
**Plaintiff and Appellee,**

v.

**MUTUAL SERVICE LIFE INSUR-**
**ANCE COMPANY, a corporation,**
**Defendant and Appellant.**

No. 20000188.

Supreme Court of North Dakota.

March 5, 2001.

Peter K. Halbach, Haugland, Halbach and Halbach, Devils Lake, ND, for plaintiff and appellee.

Dwain E. Fagerlund, Johannson, Rust, Fagerlund, Yon & Stock, P.A., Crookston, MN, for defendant-appellant.

NEUMANN, Justice.

[¶ 1] Mutual Service Life Insurance Company appealed from a summary judgment[1] awarding the Hall Family Living Trust ("Trust") payment on a $39,000 and a $10,000 annuity. We conclude there are genuine issues of material fact which preclude summary judgment, and we reverse and remand for further proceedings.

I

[¶ 2] On May 21, 1985, Johannes Holl (a/k/a Jack Hall) applied to Mutual Service for a $39,000 annuity, and on November 1, 1985, he applied to Mutual Service for a $10,000 annuity. Holl applied for both annuities through his nephew, Mutual Service agent Warren Hall, and both applications indicated Holl paid the initial premiums. Mutual Service claims it did not receive the applications and premiums, or issue or deliver the annuities.

[¶ 3] In 1991, Holl established the Trust, designating himself and Warren Hall as co-trustees. Holl assigned all his assets to the Trust, and he also executed a pour-over will leaving any property to the Trust. In August 1993, Warren Hall died of a self-inflicted gunshot wound, and Kenneth Hall was appointed successor trustee for the Trust. Holl died in June 1994.

1. Mutual Service's appeal is from "an order entered on May 4, 2000," which granted the Trust summary judgment. There is a subsequently entered judgment consistent with the May 4 order, and we treat the appeal as an appeal from that judgment. *See Olson v. Job Serv.*, 379 N.W.2d 285, 287 (N.D.1985).

[¶ 4] In 1994, Kenneth Hall, as trustee for the Trust, asked Mutual Service to honor the two annuities. Mutual Service denied the request, claiming the annuities had not taken effect. The Trust made a probate claim against Warren Hall's estate for conversion, fraud, and breach of trust. The Trust settled with Warren Hall's estate for $7,500, expressly reserving a breach of contract claim against Mutual Service.

[¶ 5] The Trust sued Mutual Service for breach of contract for the amount of the two annuities, plus earnings and interest. The trial court granted the Trust summary judgment, concluding Mutual Service was liable under contract and agency law for the acts of Warren Hall in his capacity as agent for the company. The court concluded the Trust was entitled to the amount of the annuities, plus earnings and interest. Mutual Service appealed.

## II

[¶ 6] We review this appeal under our standards for summary judgment, which is a procedural device for the prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Mandan Educ. Ass'n v. Mandan Pub. Sch. Dist.*, 2000 ND 92, ¶ 6, 610 N.W.2d 64. On appeal, we review the evidence in the light most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which reasonably can be drawn from the evidence. *Id.*

## III

[¶ 7] Mutual Service argues the evidence does not support the formation of a contract between it and Holl; that there was no evidence it accepted the applications for the annuities, or delivered the

policies to Holl; and that Warren Hall's authority to contract was limited by the annuity applications and the scope of his apparent authority is a question of fact.

[¶ 8] Holl signed applications for both annuities, and they provided:

I declare that all statements made in this application, including any made on the reverse side hereof, are, to the best of my knowledge and belief, true and complete, and agree that:

1. Those statements form a part of any policy that Mutual Service Life Insurance Company issues on the basis of this application.

2. Mutual Service Life Insurance Company is not bound by any statement made by or to any agent unless the statement is written in this application.

3. Any policy issued on the basis of this application does not take effect until it is delivered and the first premium is paid during the proposed annuitant's lifetime.

[¶ 9] In *National Farmers Union Prop. & Cas. Co. v. Michaelson*, 110 N.W.2d 431 (N.D.1961), and *Godfrey v. North Dakota Farmers' Mut. Tornado & Cyclone Co.*, 63 N.D. 418, 248 N.W. 527 (1933), this Court considered similar language in applications for insurance.

[¶ 10] In *Michaelson*, 110 N.W.2d at 434, the mother of an applicant for automobile insurance signed an October 9, 1958, application which identified a policy period from "10 mo. 9 day 58 yr.", but said "no insurance shall become effective until this application is approved by the Company." When the mother applied for the insurance, she delivered to the agent a check for a premium for six months of insurance. The application, check, and a forwarding letter were received by the company on October 14. Because the applicant had recently been canceled by another insurance company, the agent requested a "night message" approving or rejecting the application. However, the

day following receipt of the application, the company sent a " 'Speed Memo' " by ordinary mail, which said the company could not confirm coverage before completion of an investigation of the risk. The company advised the agent if immediate coverage was desired, the applicant's check would be returned. The check was not cashed, and on October 19, the applicant was killed in an automobile accident. On October 21, the company rejected the application and returned the check.

[¶ 11] Relying on the language in the application which said no insurance was effective until the application was approved by the company, we concluded the company's agent did not bind the company from the time of the application. *Id.* at 436–37. We said there was no evidence the agent made oral representations or orally agreed to cover the application from the time of the application. *Id.* at 437. We also concluded the company was not liable in tort for negligent delay in acting on the application. *Id.* at 438. We said the doctrines of waiver and estoppel did not operate to create a contract, and we held there was no insurance policy in force when the applicant was killed in the accident. *Id.* at 439.

[¶ 12] In *Godfrey,* 63 N.D. at 425–26, 248 N.W. at 530, we concluded the evidence did not establish an insurance company entered into a contract to insure an applicant's buildings. There, the applicant submitted a written application for insurance with a promissory note for payment of the premium. The application specifically stated it " 'shall have been received and approved by [the company secretary] before insurance takes effect, no liability of the Company attached under this application before such receipt and approval.' " 63 N.D. at 421, 248 N.W. at 528. The company secretary immediately returned the promissory note and application, and informed the agent the application could not be accepted until the applicant paid one-fifth of the premium in cash. The agent did not inform the applicant, and a wind-

storm subsequently damaged some of the applicant's buildings. We held there was no insurance contract, because the application was never approved by the secretary. 63 N.D. at 425–26, 248 N.W. at 530.

[¶ 13] Here, the applications for both annuities unambiguously said "[a]ny policy issued on the basis of [the] application[s did] not take effect until it [was] delivered." There was no evidence Mutual Service delivered the two annuities to Holl, or to the Trust. Under *Godfrey* and *Michaelson,* the two annuities did not take effect because the applications unambiguously required delivery. *See Ulledalen v. United States Fire Ins. Co.,* 74 N.D. 589, 612, 23 N.W.2d 856, 868 (1946) (stating contract of insurance may be consummated without the actual or manual delivery of policy, unless delivery is required by agreement of parties).

[¶ 14] The trial court nevertheless decided Mutual Service was liable under agency law for the acts of its agent, Warren Hall.

[¶ 15] In *Greenwood v. American Family Ins. Co.,* 398 N.W.2d 108 (N.D. 1986), we considered a similar issue in a case where applicants for credit life insurance sued the insurance company and its agent for fraud, negligent misrepresentation, and breach of contract upon denial of a claim for benefits following the death of a key employee of the applicants' company. The insurance company claimed it was not liable for the alleged representations and conduct of its agent, because the application for insurance said:

"IT IS AGREED: ... 3) no agent or medical examiner has authority to waive the answer to any question in the application, to pass on insurability or accept risks, to waive any of the Company's rights or requirements or to make or alter any contract; ... 5) except as may be provided in the Conditional Receipt bearing the same number and same date as this application no insurance shall take effect unless a policy issued by the

Company is accepted by the applicant and the full first premium is paid prior to any change since the date of application in the insurability of and during the lifetime and good health of the proposed insured; ..."

*Id.* at 112–13.

[¶ 16] We said that language did not, as a matter of law, exonerate the insurance company from potential liability. *Greenwood*, 398 N.W.2d at 113. We recognized an insurer is bound by the acts of its agent which were within the scope of the agent's apparent authority, except for those acts as to which the insured has notice that the agent's authority has been limited. *Id.* We said the application placed some limitations on the agent's authority, but it did not unconditionally divest the agent of all authority to speak on the insurer's behalf. *Id.* We said the application did not, as a matter of law, limit the agent's authority to inform a client that an insurance policy had been issued and coverage was in effect, and we concluded the insurance company may be subject to liability if the agent made assurances of coverage to the applicants. *Id.* We reversed a summary judgment and remanded for resolution of the disputed issues of material fact. *Id.* at 114. Although Mutual Service claims there was no indication the applicants' breach of contract claim survived summary judgment, our remand was not limited to only the tort claims against the insurance company. *See id.* at 113–14.

[¶ 17] In 1983, Mutual Service sponsored Warren Hall's application for a supplemental license in North Dakota with a certification that Mutual Service assumed full and complete responsibility for his acts without regard to any technical distinction between their relationship and the principal and agent relationship. Warren Hall was an authorized agent for Mu-

tual Service when Holl applied for these annuities. There was no evidence Mutual Service received the premiums, or any other documents for the annuities. The Trust submitted evidence that Holl paid for the annuities and Warren Hall falsified financial statements regarding the annuities. After Warren Hall's death, authorities discovered the two applications in his briefcase in his car. There was evidence Warren Hall was acting as an agent for Holl during some of the time relevant to the applications, and Holl received some status reports for annuities, which were apparently prepared by Warren Hall. Under these circumstances, viewing the evidence in the light most favorable to Mutual Service and giving it the benefit of all favorable inferences which reasonably can be drawn from the evidence, we agree with Mutual Service that "[w]hether Warren Hall had apparent authority to issue an annuity contract without delivery, is at best, a disputed question of fact," which is inappropriate for summary judgment. *See Greenwood*, 398 N.W.2d at 114; *First Nat'l Bank and Trust Co. v. Scherr*, 467 N.W.2d 427, 430 (N.D.1991).

## IV

[¶ 18] We reverse the summary judgment[2] and remand for proceedings consistent with this opinion.

[¶ 19] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.

---

**2.** On appeal Mutual Service also raises issues about equitable estoppel, the statute of limitations, release, and offset. The trial court did

not decide any of those issues, and we do not address them either.