HORACE FARMERS ELEVATOR
COMPANY, Plaintiff and
Appellee,

v.

Ronald BRAKKE, Defendant
and Appellant,

and

Ronald BRAKKE, et al.,
Counterclaim Plaintiffs,

v.

HORACE FARMERS ELEVATOR COM-
PANY and Employees, et al., Kenneth
Hatlestad, Milford Johnson, Raymond
Hajek, Neil Nelson, Donald Tessier,
Daniel Bellmare, Michael Nelson, Su-
zanne Cosgriff, John and Jane Does
1–100, Counterclaim Defendants.

Civ. No. 10998.

Supreme Court of North Dakota.

March 19, 1986.

Ohnstad, Twichell, Breitling, Rosenvold,
Wanner, Nelson, Neugebauer & Maring,
West Fargo, for plaintiff and appellee; ar-
gued by Michael D. Nelson.

Ronald Brakke, pro se.

ERICKSTAD, Chief Justice.

Ronald Brakke, acting pro se, has filed
an appeal from a judgment of the District
Court of Cass County entered on April 23,
1985. We affirm.

Horace Farmers Elevator Company (the
Elevator) brought an action against Brakke
for monies due on Brakke's account with
the Elevator. Brakke, through his attor-
ney, David A. Overboe, filed an answer
asserting that the Elevator was not entitled
to receive interest or service charges on the
account because there was no agreement
or other basis authorizing them.

The Elevator filed a Note of Issue and
Certificate of Readiness on November 29,
1984. In response, Overboe filed a Certifi-
cate of Non-Readiness on December 5,
1984, stating that discovery had not been
completed but that the defendant would be
ready for trial in sixty days.

On January 9, 1985, Overboe filed a petition to withdraw from the case as Brakke's attorney asserting that it was impossible to continue representation of Brakke because:

"Brakke has been filing and serving documents against attorneys, litigants, court personnel, and others citing the same case numbers as the cases I have been working on, without me being informed prior to those documents being filed or served.... Brakke has informed me that he is taking over the cases himself and will be handling them as he sees fit in a pro se manner."

The district court filed an order on February 6, 1985, permitting Overboe to withdraw from the case.

Thereafter, Brakke proceeded on a pro se basis. On February 14, 1985, Brakke filed an "AMENDED COUNTER–CLAIM AN ORIGINAL ACTION AT LAW" against the Elevator and its employees, eight other named persons, and John and Jane Does 1–100. Through this filing Brakke sought damages in excess of $114,000 alleging, among other things, that the Elevator committed usury and "extortionate credit" in violation of federal law. The counterclaim defendants moved for dismissal, and a hearing was held on the motion on April 1, 1985, at which time Brakke did not appear. The district court entered an order, dated April 8, 1985, dismissing the "AMENDED COUNTER–CLAIM AN ORIGINAL ACTION AT LAW" *without prejudice.*

On February 14, 1985, the district court administrator sent written notice to the parties that a bench trial would be held on April 18, 1985, of the Elevator's action against Brakke.

Brakke filed a demand for jury trial on March 15, 1985. The demand was not timely made under Rule 38 of the North Dakota Rules of Civil Procedure, and it was not granted by the trial court.

On April 18, 1985, the Elevator appeared before the court at the scheduled time and introduced evidence in support of its claim. Brakke did not appear. Following the hearing, the trial court entered its findings of fact through which it determined that Brakke, on his account with the Elevator, owed the Elevator the principal sum of $37,220.65 plus interest at the legal rate of 6% per annum, and a judgment was entered in accordance with that determination on April 23, 1985. From that judgment, Brakke has filed a timely appeal.

■ On appeal, Brakke asserts that the trial court erred in awarding judgment for the Elevator because "there was a clear existence of material fact as to the Plaintiff/Appellee's use of usury which is in violation of the North Dakota Century Code." We agree with Brakke that the issue of usury was raised in the pleadings. However, Brakke forfeited the opportunity to present the usury issue to the trial court when he failed to appear at the April 18, 1985 hearing. During oral argument on appeal, Brakke asserted that he was unable to attend the hearing because he was attending the trial of another case at that time. However, we have been unable to find, and Brakke has not directed us to, any item in the record showing that the district court was informed by Brakke that he would be unable to attend the hearing, any objection to the scheduled hearing date by Brakke, or any request by Brakke to the trial court for a continuance of the case. Having received no objection to the scheduled hearing date, the trial court acted properly in permitting the Elevator to present its case at the scheduled time and place for the hearing.

■ On appeal, this Court will not overturn the district court's findings of fact unless they are clearly erroneous under Rule 52(a) of the North Dakota Rules of Civil Procedure. *Royal Jewelers, Inc. v. Kopp,* 365 N.W.2d 525 (N.D.1985); *Sheyenne Valley Lumber Co. v. Nokleberg,* 319 N.W.2d 120 (N.D.1982). On the record before us,[1] we conclude that there is evidence upon which the trial court could find, as it did, that Brakke owed the Elevator the

---

1. Brakke, as appellant, did not order a transcript for this appeal or submit a permissible substitute as provided for under Rule 10 of the North Dakota Rules of Appellate Procedure.

principal sum of $37,220.65 together with legal interest at a rate of 6% per year. Thus, we conclude that the trial court's findings in that regard are not clearly erroneous. Brakke, not having appeared at the hearing, did not introduce evidence to show that the Elevator had billed him for unauthorized service charges or had charged a usurious rate of interest. Consequently, there was insufficient evidence upon which the trial court could rule favorably toward Brakke on those defenses.

■ It is not the function of this appellate court to advise parties as to the strategy or method of proceeding with litigation. A party acting pro se should not be treated differently nor allowed any more or any less consideration than parties represented by counsel. *Randall v. Anderson*, 286 N.W.2d 515 (N.D.1979). We note, nevertheless, that under Rule 60(b), N.D.R. Civ.P., a trial court, upon proper motion, may vacate a judgment to relieve a party from its effects on a showing of, among other things, excusable neglect or any other reason justifying relief from the operation of the judgment. *See City of Minot v. Freelander*, 368 N.W.2d 514, 518 (N.D. 1985). Under Rule 62(b), N.D.R.Civ.P., the trial court may also stay the execution of proceedings to enforce a judgment pending the disposition of a motion for relief from the judgment.

In accordance with this opinion, the judgment of the district court is affirmed.

GIERKE, LEVINE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.