2007 ND 85

**Sharon M. CLINE, Plaintiff and Appellant**

v.

**David D. CLINE, Defendant and Appellee.**

**No. 20060249.**

Supreme Court of North Dakota.

June 7, 2007.

Lisa Maria Benson, Ward County Regional Child Support Enforcement Unit, Minot, ND, for plaintiff and appellant.

Carey A. Goetz, Farhart Wolff, P.C., Minot, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] The Minot Regional Child Support Enforcement Unit ("Unit") appealed from the July 28, 2006 Second Amended Judgment of the district court setting David Cline's child support. We hold the district court erred as a matter of law in failing to compute the child support obligation in accordance with the child support guidelines. We reverse and remand for redetermination of child support in accordance with the guidelines.

I

[¶ 2] David and Sharon Cline were divorced in 1997. Sharon Cline received custody of the parties' two minor children, and David Cline was ordered to pay child support. The court calculated the presumptively correct amount of child support under the child support guidelines and adjusted the obligation, taking into consideration David Cline's extended visitation with the children and his travel costs. The court deviated from the calculated guideline amount by giving David Cline a two-month credit against his annual support obligation and prorating the amount over twelve months, resulting in a $534 monthly support payment.

[¶ 3] In 2002, Sharon Cline requested permission to relocate with the children to Iowa. Upon stipulation of the parties, Sharon Cline was allowed to move with the children to Iowa, David Cline's child support obligation was increased to $602 per month due to an increase in his net month-

ly income, and David Cline continued to receive a two-month credit annually on his child support, in consideration of his extended visitation and travel expenditures. An amended judgment was entered incorporating the provisions of the parties' stipulation.

[¶ 4] In 2006, Sharon Cline requested the Unit to conduct a review of David Cline's child support obligation. After conducting a review, the Unit filed a motion for an increase in child support based upon changes in David Cline's income. Sharon Cline was given notice of the motion but did not file an appearance. The Unit and David Cline stipulated that David Cline's net income is $3,234 per month and the presumptively correct child support amount under the guidelines, without deviation for extended visitation or travel expenses, would be $920 per month for the two children. The Unit asserted that any deviation from this guideline amount for extended visitation and travel expenses must be calculated under the relevant guideline provisions. David Cline asserted that he should be allowed to continue to receive a two-month credit against his obligation in accordance with the parties' prior stipulation.

[¶ 5] The district court concluded David Cline should continue to receive a two-month credit against his support obligation and, at the hearing, explained its reasoning:

> [I]n terms of paragraph four of the stipulation, it says: In calculating David's child support obligation, a downward deviation from the North Dakota child support guidelines is warranted. David shall be given credit of two months during the year to take into consideration the transportation expenses he will bear and the time that he will have the children with him.
>
> . . . .

I'm going to treat this as the law of the case in terms of what went on. I think that it was based upon a stipulation by the parties in 2002.

. . . .

[T]he two-month credit was arrived at for those increased expenses that would have been incurred upon [David Cline] for [Sharon Cline's] ability to move to Iowa. . . .

With that, taking that into account, I'm going to agree that the two-month credit should continue.

Continuing David Cline's two-month credit against his annual support obligation and prorating the amount over 12 months, the district court awarded child support of $766 per month for two children and, upon the elder child's graduation from high school, $503 per month for one child.

II

[¶ 6] On appeal, the Unit asserts the district court erred in failing to comply with the child support guidelines, N.D. Admin. Code ch. 75–02–04.1, in computing David Cline's support obligation. Child support determinations involve questions of law which are subject to a de novo standard of review, findings of fact which are subject to a clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to an abuse-of-discretion standard of review. *Berge v. Berge*, 2006 ND 46, ¶ 7, 710 N.W.2d 417. A court errs as a matter of law when it fails to comply with the requirements of the child support guidelines in determining an obligor's child support obligation. *Heinz v. Heinz*, 2001 ND 147, ¶ 16, 632 N.W.2d 443.

[¶ 7] The child support guidelines were adopted in response to the legislature's desire for greater specificity and uniformity in the determination and en-

forcement of child support obligations. *Logan v. Bush*, 2000 ND 203, ¶ 31, 621 N.W.2d 314. Based upon an overriding need for adequate support and maintenance of minor children, a stipulation by the parents prohibiting or limiting the power of the court to modify future child support is deemed contrary to public policy and is invalid. *See Zarrett v. Zarrett*, 1998 ND 49, ¶ 10, 574 N.W.2d 855. Likewise, a stipulation which results in a child support obligation less than that required by the child support guidelines violates public policy and will not be enforced. *Olson v. Olson*, 2002 ND 30, ¶ 12, 639 N.W.2d 701.

[¶ 8] The district court has continuing power to modify an earlier child support order, and the court cannot apply principles of the law of the case or res judicata to order a reduced support obligation which does not comply with the child support guidelines. *Zarrett*, 1998 ND 49, ¶¶ 6–8, 574 N.W.2d 855. We conclude the district court erred as a matter of law in failing to compute David Cline's support obligation in accordance with the guidelines.

### III

[¶ 9] The child support guidelines include specific provisions governing calculation of child support deviations for extended visitation and travel expenses related to exercise of visitation. The 1999 Legislative Assembly amended the statutory authority for the child support guidelines to require that the guidelines "[i]nclude consideration of extended periods of time a minor child spends with the child's obligor parent." N.D.C.C. § 14–09–09.7(1)(e); *Logan v. Bush*, 2000 ND 203, ¶ 24, 621 N.W.2d 314. Under N.D. Admin. Code § 75–02–04.1–08.1, the district court must adjust child support if the obligor is awarded "extended visitation" which is defined as "visitation between an obligor and a child living with an obligee scheduled by court order to exceed sixty of ninety consecutive nights or an annual total of one hundred sixty-four nights." This guideline includes a complex formula for determining the amount of deviation from the presumptive child support, dependent upon the length of visitation scheduled in the court order. N.D. Admin. Code § 75–02–04.1–08.1(2). When an obligor has been awarded extended visitation, as defined under the guidelines, the district court must adjust the amount of child support to reflect that visitation in accordance with the guideline formula. *Shaw v. Shaw*, 2002 ND 114, ¶ 19, 646 N.W.2d 693; *Gleich v. Gleich*, 2001 ND 185, ¶ 14, 636 N.W.2d 418. There is no dispute that David Cline's court ordered visitation falls within the guideline definition of extended visitation. Consequently, the court must adjust David Cline's support obligation in accordance with N.D. Admin. Code § 75–02–04.1–08.1.

[¶ 10] Similarly, the child support guidelines include explicit provisions governing child support deviations when an obligor has a reduced ability to pay due to travel expenses incurred for child visitation. N.D. Admin. Code § 75–02–04.1–09(2)(i). If the obligor has a reduced ability to pay because of visitation-related travel expenses, any adjustment "shall be made to the obligor's net income." N.D. Admin. Code § 75–02–04.1–09(7). Under these guidelines, travel expenses which reduce an obligor's ability to pay support are subtracted from the obligor's net income before calculating the support obligation. *See Schiff v. Schiff*, 2000 ND 113, ¶¶ 32–33, 611 N.W.2d 191.

[¶ 11] By simply awarding David Cline a two-month credit against his annual support obligation, the district court erred in failing to follow the child support

guidelines to determine what adjustment David Cline should receive. The court must follow the guideline provisions in considering David Cline's scheduled extended visitation and related travel expenses.

## IV

[¶ 12] David Cline asserts the district court's judgment should be upheld, because the support award is at least 85 percent of the calculated amount under the guidelines. In support of this assertion, David Cline cites N.D.C.C. § 14–09–08.4(3):

> If, upon review, the child support agency determines that the order provides for child support payments in an amount that is inconsistent with the amount that would be required by the child support guidelines established under subsection 1 of section 14–09–09.7, the child support agency may seek an amendment of the order. If the order provides for child support payments in an amount less than eighty-five percent of the amount that would be required by those guidelines, the child support agency shall seek an amendment of the order.

David Cline interprets this statute too broadly. The statute neither expressly nor implicitly endorses child support awards that deviate less than 15 percent from the calculated support obligation under the guidelines. The statute merely establishes a clear line below which the child support agency must seek an amendment of court-ordered support. If the support award is an amount less than 85 percent of the calculated guideline amount, the agency must seek amendment of the court's order. If, however, the award of child support is greater than 85 percent of the required amount, the agency is given discretion under the statute whether to file an action seeking an amendment of the award.

[¶ 13] Under N.D.C.C. § 14–09–08.4(4), if a child support order sought to be amended was entered at least one year prior to the motion to amend, the court "shall order the amendment of the child support order to conform the amount of child support payment to that required under the child support guidelines." The statute requires the court to award support as calculated under the child support guidelines. A nonconforming award is not enforceable. *Zarrett*, 1998 ND 49, ¶ 10, 574 N.W.2d 855.

## V

[¶ 14] We hold the district court erred, as matter of law, in computing David Cline's child support obligation. We, therefore, reverse and remand for redetermination of child support in accordance with the child support guidelines.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.