2008 ND 35

**STATE of Michigan, County of Huron, ex rel., Margaret SCHNEIDER, Plaintiff**

v.

**Darwin SCHNEIDER, Defendant and Appellee**

**and**

**State of North Dakota, Statutory Real Party in Interest, Appellant.**

**No. 20070230.**

Supreme Court of North Dakota.

Feb. 21, 2008.

Darwin Schneider, defendant and appellee. No appearance.

John D. Waller (argued) and Janet K. Naumann (on brief), Special Assistant Attorneys General, Fargo, ND, for appellant.

VANDE WALLE, Chief Justice.

[¶ 1] The State of North Dakota appealed an order entered on a motion for default judgment. We have stated an appeal from an order is properly before this Court if the record contains a consistent judgment. *Olson v. Job Serv. North Dakota*, 379 N.W.2d 285, 287 (N.D.1985). On June 18, 2007, the district court entered a judgment consistent with its earlier order. We treat this appeal as an appeal from that judgment. *Hall Family Living Trust v. Mutual Service Life Ins. Co.*, 2001 ND 46, ¶ 1 n. 1, 623 N.W.2d 32. We reverse the district court order reducing Schneid-

er's child support and remand for further proceedings in accordance with this opinion.

## I.

[¶ 2] In June 2006, the Fargo Child Support Enforcement Unit ("Unit") received a request from the State of Michigan to establish paternity, child support and medical support from Darwin Schneider for two minor children. Schneider was a college student in Fargo. The Unit calculated child support in the amount of $200 per month using the child support guidelines and calculated arrears of $200 per month dating back to June 2006. Schneider requested a hearing on the issue of child support.

[¶ 3] At the hearing, Schneider requested that his child support be set at $100 per month, rather than the $200 amount calculated by the Unit, citing his status as a college student, significant fines owed to the IRS and restitution owed to victims in a prior criminal case. The district court issued an order for judgment, setting Schneider's child support obligation at $100 per month until his expected graduation date in May 2008 and ordered arrears to be calculated at $100 per month from June 2006. The State of North Dakota is a statutory real party in interest under N.D.C.C. § 14–09–09.26.

## II.

[¶ 4] The State argues the district court did not make findings of fact nor detail the criteria used to rebut the presumptively correct guidelines. The scheduled support under the guidelines is the presumptively correct support amount. N.D. Admin. Code § 75–02–04.1–13. The presumptive amount "is rebutted only if a preponderance of the evidence establishes that a deviation from the guidelines is in the best interest of the supported chil-

dren." N.D. Admin. Code § 75–02–04.1–09(2). Under N.D.C.C. § 14–09–09.7(3), child support must be ordered in the presumptive amount unless, taking into consideration the best interest of the children, the court finds the presumptive amount is not the correct amount of child support. *Wagner v. Wagner*, 1998 ND 117, ¶ 5, 579 N.W.2d 207. This Court has emphasized any deviation from the guidelines requires the court to make a written finding or a specific finding on the record. *Schumacher v. Schumacher*, 1999 ND 10, ¶ 10, 589 N.W.2d 185 (citation omitted). No such written or specific finding was made in this case.

[¶ 5] The only statement in the record regarding the decision to deviate from the guidelines was the bare statement by the district court that it was "going to exercise some discretion" in setting Schneider's child support at $100 per month until May of 2008. The district court's order does not state that the $100 per month is a deviation from the guidelines nor does it include any findings of fact which explain its decision to deviate from the guidelines. We will not speculate as to the district court's reason for its order.

## III.

[¶ 6] The State argues the district court erred as a matter of law in reducing the child support because neither Schneider's fines and restitution nor his status as a college student are proper grounds for deviation from the guidelines. An exclusive list of reasons to deviate from the Guidelines is found at N.D. Admin. Code § 75–02–04.1–09(2). *Jarvis v. Jarvis*, 1998 ND 163, ¶ 23, 584 N.W.2d 84. Subsection j allows a court to take into account "[t]he reduced ability of the obligor to pay child support due to a situation, over which the obligor has little or no control, which requires the obligor to incur a continued or

fixed expense for other than subsistence needs, work expenses, or daily living expenses, and which is not otherwise described in this subsection." N.D. Admin. Code § 75–02–04.1–09(2)(j). A situation over which the obligor has little or no control, under subsection j, does not exist if the situation arises out of illegal activity. N.D. Admin. Code § 75–02–04.1–09(5). While it is not apparent from the record that Schneider met any of the factors in N.D. Admin. Code § 75–02–04.1–09(2), this is a trial court determination to be made upon remand.

[¶ 7] We reverse and remand this case to the trial court to set Schneider's child support obligation at the presumptive amount or make a specific finding on the record detailing why deviation is appropriate.

[¶ 8] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.