2015 ND 276

**Erek Robert BYE, Plaintiff
and Appellee**

v.

**Amanda Lee ROBINETTE, Defendant
and Appellant.**

No. 20150109.

Supreme Court, of North Dakota.

Dec. 1, 2015.

Rehearing Denied Dec. 22, 2015.

As Corrected Dec. 22, 2015.

Jessica D. West (argued) and Patti J. Jensen (appeared), East Grand Forks, MN, for plaintiff and appellee.

Amanda L. Robinette (argued), self-represented, Fargo, ND, defendant and appellant.

KAPSNER, Justice.

[¶ 1] Amanda Robinette appeals from a district court judge's order adopting a referee's order awarding primary residential responsibility of her and Erek Bye's children to Bye and ordering her to pay child support. We affirm the portion of the district court judge's order adopting the referee's primary residential responsibility determination. We reverse the portion of the district court judge's order concerning child support, and we remand the case to the district court with instructions that it calculate child support in a manner consistent with the child support guidelines.

I

[¶ 2] Bye and Robinette are the parents of twin boys. The couple never married, but they lived together before and after Robinette gave birth. Their relationship deteriorated and Bye sued for custody of the twins. The case was heard before a referee and the referee awarded primary residential responsibility to Bye and ordered Robinette pay child support. Robi-nette moved for a district court judge to review the referee's order. The district court judge adopted the referee's order. Robinette appeals.

II

[¶ 3] Robinette argues the district court erred when it awarded Bye primary residential responsibility of the children. Because the primary residential responsibility determination was not clearly erroneous, we summarily affirm the district court's order under N.D.R.App.P. 35.1(a)(2).

III

[¶ 4] Robinette argues the district court improperly calculated child support. We agree. This Court's standard of review for child support calculations is well established:

> Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A court errs as a matter of law if it does not comply with the requirements of the child support guidelines. As a matter of law, the district court must clearly set forth how it arrived at the amount of income and level of support.

*Krueger v. Krueger*, 2011 ND 134, ¶ 19, 800 N.W.2d 296 (citations omitted). Courts may deviate from the guideline amount when a party urging deviation shows, by a preponderance of the evidence, that deviation is appropriate. *Keita v. Keita*, 2012 ND 234, ¶ 16, 823 N.W.2d 726. However, when courts deviate from the guidelines, "[t]hat deviation must be supported by specific findings that the pre-

sumption under the guidelines has been rebutted." *Id.*

### A

[¶ 5] Robinette argues the district court erroneously imputed income to her. Under N.D. Admin. Code § 75–02–04.1–07, the district court must impute income when an obligor is underemployed. "An obligor is 'underemployed' if the obligor's gross income from earnings is significantly less than this state's statewide average earnings for persons with similar work history and occupational qualifications." N.D. Admin. Code § 75–02–04.1–07(1)(b). "The trial court's findings under this section must be clear, and the court must demonstrate how it arrived at the amount of income and the level of support." *Interest of D.L.M.*, 2004 ND 38, ¶ 4, 675 N.W.2d 187. "A mere recitation that the guidelines have been considered in arriving at the amount of a child support obligation is insufficient to show compliance with the guidelines." *Buchholz v. Buchholz*, 1999 ND 36, ¶ 12, 590 N.W.2d 215.

[¶ 6] The court made the following findings and conclusions regarding imputation of income to Robinette:

> As Amanda is earning significantly less than the prevailing wage for someone with her work experience and education, she is underemployed. Therefore, income must be imputed to her per [N.D. Admin. Code] § 75–02–04.1–07(3). The greatest of the calculations identified at [N.D. Admin. Code] § 75–02–04.1–07(3) is an amount equal to six-tenths of the statewide earnings for persons with similar work history or occupational qualifications, specifically gross annual wages of $37,470.

These findings do not explain what type of employment the court deemed Robinette qualified to perform. They do not provide a source for the amount of earnings that someone with Robinette's qualifications earns. Nor do they explain how the court arrived at a gross annual income of $37,470 or an imputed monthly income of $2,912. Given these vague and conclusory findings, we conclude the court erred because we cannot determine whether the court followed the child support guidelines.

### B

[¶ 7] The district court also erred when it based the child support calculation on one child instead of two. The court imputed a net monthly income of $2,912 to Robinette. Under the guidelines, this level of income would require a child support obligation of $590 for one child and $846 for two children. *See* N.D. Admin. Code § 75–02–04.1–10. Based on the guidelines, the court ordered Robinette to pay $590 per month. Even assuming the imputation of income was correct, this would be an erroneous calculation because the couple had two children. The proper guideline amount would have been $846—the amount for a two-child calculation. This is an error of law, and it warrants remand.

### C

[¶ 8] The district court also erred when it did not take into account Robinette's custodial responsibilities for her other children. Under N.D. Admin. Code § 75–02–04.1–06.1, courts must make special calculations when the obligor owes a duty of support to a child that is living with the obligor and also owes child support to the parent of another child. The section states:

> 1. This section *must* be used to determine the child support amount presumed to be the correct amount of child support in all cases involving an obligor who:
>
>    a. Owes duties of support payable to two or more obligees; or

b. Owes a duty of support to at least one obligee and also owes a duty of support to a child living with the obligor who is not also the child of that obligee.

N.D. Admin. Code § 75–02–04.1–06.1(1) (emphasis added). When this section applies, courts must determine hypothetical amounts that reflect the cost of supporting the children living with the obligor and costs that reflect the amount of supporting children that do not live with the obligor. *Id.* at § 75–02–04.1–06.1(3). The court must then use these hypothetical amounts to determine the amount of child support due to the obligee. *Id.* at § 75–02–04.1–06.1(5)(a). In this case, the court found: "Amanda has two (2) other children ages nine (9) and ten (10). Erek is not the father of either of her other children. Amanda has custody of those children subject to a parenting time schedule with their father." Despite making this finding, the court did not apply § 75–02–04.1–06.1. Consequently, the child support calculation does not follow the guidelines; this error also warrants remand.

### IV

[¶ 9] We affirm the primary residential responsibility determination. We reverse the child support award, and we remand the case to the district court with instructions that it calculate child support in a manner consistent with the child support guidelines.

[¶ 10] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.