2017 ND 24

**Melissa S. RATHBUN, Plaintiff and Appellee**

v.

**Samuel R. RATHBUN, Defendant and Appellant**

and

**State of North Dakota, Real Party in Interest**

**No. 20160180**

Supreme Court of North Dakota.

Filed 2/16/2017

Thomas J. Corcoran, 125 Main St., Ste. 240, Williston ND 58801, for plaintiff and appellee; submitted on brief.

Theresa L. Kellington, 619 Riverwood Dr., Ste. 202, Bismarck ND 58504, for defendant and appellant.

Crothers, Justice.

[¶ 1] Samuel Rathbun appeals a district court order modifying his child and spousal support obligations. Samuel argues the district court erred by not modifying his child support. The district court's order and judgment is reversed and this case is remanded with instructions that it calculate child support consistent with the child support guidelines and this decision.

I

[¶ 2] Samuel and Melissa Rathbun have two minor children from their marriage. The parties divorced in 2014. The divorce judgment ordered Samuel Rathbun to pay $3,543 per month in child support based on his annual net income of $151,952. The judgment further ordered Samuel Rathbun to pay rehabilitative spousal support payments to Melissa Rathbun in the amount of $3,500 per month for 60 months and then $2,500 per month for 24 months.

[¶ 3] At the time of the judgment Samuel Rathbun was employed in the oil field as a consultant with gross annual earnings of approximately $250,000. In August 2015 Samuel Rathbun lost his job due to the downturn in the oil business. Samuel Rathbun tried without success to obtain new employment. Because he lost his job and was unable to find employment, he filed a motion to amend the judgment to reduce his child support obligation and eliminate his spousal support obligation.

[¶ 4] After a hearing, the district court entered an order suspending his spousal support obligation for 12 months but ordered his child support obligation to remain in full force and effect at $3,543 per month. Samuel Rathbun appeals.

II

[¶ 5] Samuel Rathbun argues the district court erred by not reducing his child support obligation. This Court's review of child support calculations is well established:

"Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A court errs as a matter of law if it does not comply with the requirements of the child support guidelines. As a matter of law, the district court must clearly set forth how it arrived at the amount of income and level of support."

Bye v. Robinette, 2015 ND 276, ¶ 4, 871 N.W.2d 432 (quoting Krueger v. Krueger, 2011 ND 134, ¶ 19, 800 N.W.2d 296).

[¶ 6] The district court found Samuel Rathbun was unemployed and made the following findings and conclusions regarding imputation of income to Samuel Rathbun:

"NDCC 75–02–04.1–07 requires that Defendant's income be imputed at an amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve consecutive months including in the current calendar year and the two previous calendar years before commencement of the proceeding before the court, for which reliable evidence is provided."

"This Court finds that Defendant's income for child support purposes shall be imputed based on the his [sic] previous child support income of $243,561 and reduced by 10% to $219,205."

"Defendant is no longer paying for health insurance for the children, and no longer receives the health insurance deduction pursuant to ND Child Support Guidelines."

"Accordingly, Defendant's recalculated child support obligation results in a child support obligation of $3,543/month, which is no change from the previous order."

[¶ 7] Under N.D. Admin. Code § 75–02–04.1–07(3) income must be imputed to an obligor who is unemployed:

"3. Except as provided in subsections 4, 5, 6, 7, 8, 9, 10, and 11, gross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.

a. A monthly amount equal to one hundred sixty-seven times the hourly federal minimum wage.

b. An amount equal to six-tenths of this state's statewide average earnings for persons with similar work history and occupational qualifications.

c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve consecutive months included in the current calendar year and the two previous calendar years before commencement of the proceeding before the court, for which reliable evidence is provided."

[¶ 8] Samuel Rathbun argues the exception to N.D. Admin. Code § 75–02–04.1–07(3) as provided by N.D. Admin. Code § 75–02–04.1–07(6) applies to his situation because no job opportunities exist in the community which would provide similar earnings. The district court did not make any findings or conclusions regarding the applicability of N.D. Admin. Code § 75–02–04.1–07(6). We conclude the district court erred when it did not take into account the evidence regarding Samuel Rathbun's employment opportunities. Under N.D. Admin. Code § 75–02–04.1–07(6),

"If an unemployed or underemployed obligor shows that employment opportunities, which would provide earnings at least equal to the lesser of the amounts determined under subdivision b or c of subsection 3, are unavailable within one hundred miles [160.93 kilometers] of the obligor's actual place of residence, income must be imputed based on earning capacity equal to the amount determined under subdivision a of subsection 3, less actual gross earnings."

[¶ 9] "The guidelines must be applied using common sense and in consideration of the circumstances." Minar v. Minar, 2001 ND 74, ¶ 20, 625 N.W.2d 518 (citing Richter v. Houser, 1999 ND 147, ¶ 8, 598 N.W.2d 193). Samuel Rathbun claims locating "similar work" is impossible due to the downturn in the oil field. He testified that since losing his job he has applied for 61 positions ranging in pay from $12 to $15 an hour. He testified he has not obtained employment and is receiving unemployment. We note that the oil industry has changed dramatically in North Dakota. It is unrealistic to conclude job opportunities with similar earnings to what Samuel was making were available at the time of the hearing. The exception to N.D. Admin. Code § 75–02–04.1–07(3)(c) provided by N.D. Admin. Code § 75–02–04.1–07(6) does apply. Despite the evidence presented, the district court did not apply N.D. Admin. Code § 75–02–04.1–07(6). The district court, therefore, erred as a matter of law in failing to correctly apply the guidelines in determining Samuel's imputed income.

III

[¶ 10] We reverse the district court's order and judgment, and remand for recalculation of Samuel's child support obli-

gation consistent with the child support guidelines and this decision.

[¶ 11] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

[¶ 12] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.