2017 ND 73

**Anna CARROLL, Plaintiff**

v.

**Robert CARROLL, Defendant
and Appellant**

and

**State of North Dakota, Statutory Real
Party in Interest and Appellee**

No. 20160190

Supreme Court of North Dakota.

Filed 03/30/2017

Robert L. Carroll, self-represented, 401 Rio Concho Drive, #501, San Angelo, Tex. 76903, defendant and appellant; submitted on brief.

Christopher S. Pieske, Office of Attorney General, Child Support Enforcement, 600 East Boulevard Avenue, Department 125, Bismarck, N.D. 58505–0040, for statutory real party in interest and appellee.

VandeWalle, Chief Justice.

[¶ 1] Robert Carroll appealed from an order denying his motion to set aside or vacate the judgment and from an order denying his motion for a new trial, after the court entered a divorce judgment awarding Anna Carroll monthly child support of $1,387. We conclude the district court did not err in denying a continuance of the trial or in allowing the State be named a real party in interest. We conclude, however, the district court abused its discretion in denying his motions when it made insufficient findings to support its award of child support. We reverse and remand.

I

[¶ 2] Anna Carroll and Robert Carroll were married in 2010 and have two minor children together. Anna Carroll commenced this suit seeking a divorce in February 2014, and filed the action in the district court in August 2015. She also filed a marriage dissolution agreement that the parties had executed in February 2014. The agreement, among other things, provided that Robert Carroll would make monthly child support payments of $1,200. Robert Carroll subsequently answered the suit, challenging the agreement and as-

serting his financial circumstances had drastically changed.

[¶ 3] On November 12, 2015, the district court entered a scheduling order providing for a one-day trial to be held by February 15, 2016. On December 16, 2015, the court issued a notice and an amended notice stating the case was set for backup trial on February 19, 2016. On December 28, 2015, the State served and filed a notice that the State is a real party in interest in this case under N.D.C.C. § 14–09–09.26 and N.D.R.Civ.P. 10(a), and "must be added to the title of all documents." Robert Carroll filed an objection to the State's notice, asserting the notice was insufficient under N.D.R.Civ.P. 24(c)(1) and failed to plead grounds to intervene in the case. A telephonic pretrial conference was held on February 9, 2016, during which the court confirmed the February 19 trial date. Two days before trial, Robert Carroll filed a motion requesting the court grant a continuance.

[¶ 4] On February 19, 2016, after denying the continuance request at the outset, the district court held a trial on the issue of child support. Anna Carroll and the State were each represented by counsel, and Robert Carroll did not appear or otherwise attend the trial. During trial, the State, as a statutory real party in interest, presented evidence of Robert Carroll's prior income through exhibits and the testimony of the regional administrator of the Dickinson child support office. After trial, the district court adopted the State's proposed child support calculations. The court ordered Robert Carroll to pay monthly child support of $1,387, commencing in January 2015, as part of its order for judgment and subsequently entered judgment.

[¶ 5] In March 2016 Robert Carroll moved the district court to vacate or set aside the "default" judgment under N.D.R.Civ.P. 60(a) and (b)(1), (3), and (6), raising among other issues that the court had failed to address his motion for continuance, failed to clearly set out findings and conclusions regarding how it calculated child support, misapplied the child support guidelines, and abused its discretion in allowing the State to intervene in the action. The court entered an order denying his motion, explaining the court's judgment was not a "default" judgment as a trial had taken place and the court had issued findings of fact based on the pleadings and the evidence presented at trial.

[¶ 6] In April 2016 Robert Carroll moved for a new trial, arguing the district court had erred in its calculation of his income and failed to make findings how it derived his income under the child support guidelines. He also argued he was denied due process and unfairly prejudiced because the court failed to continue his trial, the court abused its discretion in allowing the State to intervene, and the court erred in ordering child support retroactive to January 2015. The court denied his motion, again noting he had failed to appear at trial to present his case and concluding he failed to demonstrate any grounds for a new trial under N.D.R.Civ.P. 59(b).

## II

[¶ 7] Under N.D.R.Civ.P. 60(a), a district court may correct "errors created by oversight or omission that cause the judgment to fail to reflect what was intended at time of trial," but this subsection is not a vehicle to relitigate matters already litigated and decided. Kukla v. Kukla, 2013 ND 192, ¶ 11, 838 N.W.2d 434 (quoting Gruebele v. Gruebele, 338 N.W.2d 805, 811–12 (N.D. 1983)). "This Court has also expressed its 'preference for the use of the N.D.R.Civ.P. 60(b) procedure for relief from judgment, rather than the Rule 60(a) procedure, when a party seeks to

change a previously entered judgment.'" Kukla, at ¶ 12 (quoting Fargo Glass and Paint Co. v. Randall, 2004 ND 4, ¶ 7, 673 N.W.2d 261).

[¶ 8] Under N.D.R.Civ.P. 60(b), a motion to vacate a judgment "lies with the 'sound discretion of the trial court, and its decision whether to vacate the judgment will not be disturbed on appeal unless the court has abused its discretion.'" Hildebrand v. Stolz, 2016 ND 225, ¶ 7, 888 N.W.2d 197 (quoting Kopp v. Kopp, 2001 ND 41, ¶ 7, 622 N.W.2d 726). We have explained that under Rule 60(b) "[w]e do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established." Vann v. Vann, 2009 ND 118, ¶ 10, 767 N.W.2d 855 (quoting Knutson v. Knutson, 2002 ND 29, ¶ 7, 639 N.W.2d 495). A district court may grant relief under N.D.R.Civ.P. 60(b) for "(1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; ... or (6) any other reason that justifies relief." "Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and, accordingly, the rule should be invoked only when extraordinary circumstances are present." Knutson, 2002 ND 29, ¶ 7, 639 N.W.2d 495.

[¶ 9] A district court's decision whether to grant or deny a new trial under N.D.R.Civ.P. 59(b) rests entirely within its discretion, and our review of a denial of a new trial motion is limited to deciding whether the court manifestly abused its discretion. Bjorneby v. Nodak Mut. Ins. Co., 2016 ND 142, ¶ 13, 882 N.W.2d 232. A

district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. Riak v. State, 2015 ND 120, ¶ 14, 863 N.W.2d 894. We have also said that "[a] self-represented party 'should not be treated differently nor allowed any more or any less consideration than parties represented by counsel.'" Hildebrand, 2016 ND 225, ¶ 7, 888 N.W.2d 197 (quoting Horace Farmers Elevator Co. v. Brakke, 383 N.W.2d 838, 840 (N.D. 1986)). Within the context of this limited review, we address Robert Carroll's arguments on appeal.

### III

[¶ 10] Robert Carroll raises several issues challenging the district court's denial of his request for a continuance of the trial.

[¶ 11] Generally, the district court has broad discretion over the presentation of evidence and conduct of a trial, in addition to whether to grant a motion for a continuance, and the court's decision will not be reversed on appeal absent an abuse of discretion. Wilson v. Wilson, 2014 ND 199, ¶ 7, 855 N.W.2d 105; Rickert v. Dakota Sanitation Plus, Inc., 2012 ND 37, ¶ 31, 812 N.W.2d 413. Robert Carroll argues the district court erred in not granting his motion for continuance, the court abused its discretion when setting this case for trial "on its own volition" before the expiration of six months under N.D.R.Civ.P. 16, and the court erred in not affording him an opportunity to testify and present evidence to give him a fair and impartial hearing. He contends he was denied the right to be heard "when there would have clearly been a different outcome." He asserts that, although his motion for continu-

ance was e-mailed to the district court with "sufficient time" to delay the hearing, the court's denial of his motion was arbitrary. Robert Carroll concedes he knew there would be repercussions by not attending the trial, but he asserts Anna Carroll's attorney led him to believe the case was "agreed upon."

[¶ 12] The State contends the district court did not abuse its discretion in denying Robert Carroll's motion for continuance because the motion was not properly filed, is not part of the record, and came two days before trial. The State also asserts the court had notified the parties that the trial would not be continued.

[¶ 13] Rule 6.1(b), N.D.R.Ct., states that "[m]otions for continuance shall be promptly filed as soon as the grounds therefor are known and will be granted only for good cause shown, either by affidavit or otherwise." In reviewing the docket, an affidavit of mailing dated February 10, 2016, was filed on February 17, 2016, with Robert Carroll's attached motion for continuance. That attached motion is unsigned. Both Anna Carroll and the State filed responses to the purported motion on February 17, 2016. Regardless of whether the motion was properly made and supported, however, the district court denied his motion at the outset of trial. From the trial transcript, the court clearly found Robert Carroll had been "well notified ahead of time" trial would occur on that date and pointed out the case had been filed in August 2015 and commenced in February 2014.

[¶ 14] Based on our review of the record, Robert Carroll failed to show good cause for a continuance and has not established the district court abused its discretion in denying his post-judgment motions for what was apparently an unsupported motion made on the eve of trial. We conclude his argument on appeal is without merit.

IV

■ [¶ 15] Robert Carroll argues the district court erred in allowing the State to "intervene" in this case without proper pleadings.

[¶ 16] Under N.D.C.C. § 14–09–09.26, the State is statutorily designated as a real party in interest for certain purposes:

The state is a real party in interest for purposes of establishing paternity and securing repayment of benefits paid, future support, and costs in action brought to establish, modify, or enforce an order for support of a child in any of the following circumstances:

1. Whenever aid under chapter 50–09 or 50–24.1 is provided to a dependent child.
2. Whenever application is made and accepted for services provided by the child support agency.
3. Whenever duties are imposed on the state or its public officials under chapter 14–12.2.

[¶ 17] Rule 10(a), N.D.R.Civ.P., provides in part: "If the State of North Dakota is a real party in interest in an action and was not named as a party in the original title, its name must be added to the title." Further, the explanatory note to Rule 10 explains: "Subdivision (a) was amended, effective March 1, 2007, to specify that, if the State of North Dakota is a real party in interest to an action, or if it becomes a real party in interest, it must be named as a party in the title, regardless of whether it was named as a party originally. In some cases, the state may become a real party in interest by action of law. See, e.g., N.D.C.C. § 14–09–09.26."

[¶ 18] Robert Carroll asserts Anna Carroll has not received public assistance and he has "no idea" why the State was permitted to "intervene" in the pending di-

vorce. He argues he suffered prejudice because the State did not provide the district court with his "correct" income amount. He asserts his wage statements filed with the State of Texas showed his wages were about $30,000 for 2015 and the State only looked to his wages from his work with an oilfield company, which had ended in August 2014. The State responds that it became a real party in interest in the child support proceeding by action of law under N.D.C.C. § 14–09–09.26 and N.D.R.Civ.P. 10(a), and did not need to move to intervene under N.D.R.Civ.P. 24.

[¶ 19] This issue involves what procedure the State must use to be named a party in a case involving child support. The State is made a statutory real party in interest in certain child support matters by N.D.C.C. § 14–09–09.26. See, e.g., State ex rel. Schneider v. Schneider, 2008 ND 35, ¶ 3, 745 N.W.2d 368; Fercho v. Remmick, 2003 ND 85, ¶ 5, 662 N.W.2d 259; Sprynczynatyk v. Celley, 486 N.W.2d 230, 232 (N.D. 1992). In such cases, we have said that "the State has an overriding interest, separate and apart from that of the child, to enforce child support obligations, and the attorney representing the child support agency represents that interest as well[.]" Celley, at 232. Further, as N.D.C.C. § 14–09–09.27 provides, the State represents the people's interest in enforcing child support:

> In any action brought to establish paternity, secure repayment of governmental benefits paid, secure current or future support of children, or establish, enforce, or modify a child support obligation, the child support agency may employ or contract with a licensed attorney. An attorney so employed or contracted represents the interest of the people of the state of North Dakota in the enforcement of child support obligations.

[¶ 20] The relevant statutes thus make clear the State has a statutorily defined interest in specified child support cases under N.D.C.C. § 14–09–09.26, representing the people of the state. This Court specifically amended N.D.R.Civ.P. 10(a) in 2007 to recognize the State "must" be added to the title of such cases if not originally named in the action. Construing the language of N.D.C.C. § 14–09–09.26 and N.D.R.Civ.P. 10(a) together, we hold the State need only provide notice of its interest as a statutory party to the case under the plain language, rather than requiring the necessity of a motion to intervene under N.D.R.Civ.P. 24 as Robert Carroll argues. Although Robert Carroll objected to the State's notice, he did not move to dismiss the State as a party on grounds the statute's requirements had not been met, nor did he challenge the State's appearance during trial.

[¶ 21] On this record, we conclude the State was properly named a real party in interest in this case after filing its notice in the district court on December 28, 2015. We further conclude the district court did not abuse its discretion in holding Robert Carroll failed to establish grounds for relief in his motions to vacate the judgment and for a new trial.

## V

■ [¶ 22] Robert Carroll argues the district court did not follow the child support guidelines in setting his support obligation and should not have used eight months of wages in calculating the obligation.

[¶ 23] Here, in awarding child support, the district court's findings of fact stated:

> CHILD SUPPORT: Defendant is unemployed. Therefore it is necessary to impute income to Defendant equal to 90% of his greatest income efor [sic] a 12–month period in the last 24 months.

Based on a total gross annual income of $80,412.00 and a net monthly income for child support purposes of $4,922.00 and pursuant to the North Dakota Child Support Guidelines, Defendant shall pay the sum of One Thousand Three Hundred Eighty–Seven Dollars ($1,387.00) per month for the continuing support of S.LC. (YOB: 2011) and B.L.C. (YOB: 2012) commencing January 1, 2015, and continuing on or before the first day of each month thereafter until the minor child reaches the age of 18. Upon filing an affidavit, support may continue until the end of the month during which the child graduates from high school or attains the age of nineteen years, whichever occurs first. However, the child must be enrolled and attending high school and must be eighteen years of age prior to the date the child expects to graduate. Further, the child must reside with the person to whom the duty of support is owed.

[¶ 24] Robert Carroll argues the district court misapplied the law in its calculation of his income by calculating the income based on a statement of earnings from an eight-month period in 2014. He contends a partial wage cannot be used to calculate child support, and the court misapplied the law in calculating his support by "extrapolating" income based on the statement of earnings. He also argues the court erred as a matter of law because it did not clearly set forth how it arrived at the amount of income and the level of support. He contends the award cannot be sustained in the absence of specific findings under N.D. Admin. Code § 75–02–04.1–02(10) ("Each child support order must include a statement of the net income of the obligor used to determine the child support obligation, and how that net income was determined.").

[¶ 25] The State responds on appeal that the district court properly calculated his child support obligation using an imputed income, relying on N.D. Admin. Code § 75–02–04.1–07(3), which provides that subject to certain exceptions in other subsections, the court may impute income to an unemployed or underemployed obligor using the greatest of three calculations. The State asserts Brad Davis, regional administrator of the Dickinson child support office, testified the State did not have evidence Robert Carroll was employed or of his current income, so it imputed income to him under the guidelines using ninety percent of his income from the first three quarters of 2014.

[¶ 26] The State concedes on appeal, however, that it potentially underestimated his income by using ninety percent of only eight months of actual wages. The State also concedes the district court's findings may not "clearly set forth how it arrived at the amount of income and level of support," see Bye v. Robinette, 2015 ND 276, ¶ 4, 871 N.W.2d 432 (quoting Krueger v. Krueger, 2011 ND 134, ¶ 19, 800 N.W.2d 296), but asserts the child support calculations are nonetheless correct. The State requests this Court to affirm the district court's application of the child support guidelines but remand the case to the district court for more specific findings.

[¶ 27] Based on our review, we conclude the district court failed to make sufficient factual findings to support its income determination for the award of child support under the child support guidelines. Specifically, the court failed to make findings showing how it calculated Robert Carroll's income and under which guidelines it was applying. Although Robert Carroll claims the court improperly "extrapolated" his income, see, e.g., Fleck v. Fleck, 2010 ND 24, ¶ 15, 778 N.W.2d 572; Heinle v. Heinle, 2010 ND 5, ¶ 38, 777 N.W.2d 590; Korynta

v. Korynta, 2006 ND 17, ¶ 17, 708 N.W.2d 895, he hindered his own case when he did not appear at trial and present competent evidence of his income, leaving the court with only the evidence of the 2014 wages presented by the State. Compare N.D. Admin. Code § 75–02–04.1–07(3), with N.D. Admin. Code § 75–02–04.1–07(9). Moreover, we note it is also not clear which version of the guidelines the court applied. While the State on appeal quotes from the current version of N.D. Admin. Code § 75–02–04.1–07, that section was amended effective September 1, 2015, while this matter was pending. We therefore conclude the court abused its discretion in denying Robert Carroll's motions, insofar as they challenged the findings supporting its child support award. We reverse and remand for further findings consistent with this opinion.

VI

[¶ 28] We have considered the remaining arguments and find them to be without merit or unnecessary to our opinion. The orders are reversed, and the matter is remanded for additional findings and entry of an amended judgment.

[¶ 29] Gerald W. VandeWalle, C.J.

Lisa Fair McEvers

I concur in the result.

Daniel J. Crothers

[¶ 30] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.

Sandstrom, Surrogate Judge, concurring in part and dissenting in part.

[¶ 31] I, too, would reverse and remand, but I would do so for a new trial, and I would exclude the participation by the State unless it can show a statutory basis that makes it a real party in interest.

I

[¶ 32] In February 2014, Robert Carroll, unrepresented by counsel, signed a "marriage dissolution agreement" prepared by Anna Carroll's lawyer. In it he agreed to pay $1,200 per month in child support. Nothing was done with the agreement for a year and a half, when the lawyer filed it with the district court. By that time there had been a serious downturn in the oil industry, and Robert Carroll answered that he was no longer employed by Baker Hughes and his earnings had been substantially reduced. He promptly filed a financial affidavit with the main asset being a heavily leveraged truck on which he was months behind on payments.

[¶ 33] At the end of 2015, the State filed a notice asserting it was a real party in interest under N.D.C.C. § 14–09–09.26, but stating no grounds for its claim. In January, Robert Carroll objected to the State's intervention in the action, specifically arguing that the State had failed to provide grounds for its participation and that "[s]imply stating that the State of North Dakota is a real party in interest is insufficient." The record reflects that the State never responded to the objection and never provided a statutory ground for its being a real party in interest. The record further reflects no ruling on the objection before trial.

[¶ 34] The scheduling order issued in November had required that at the pretrial conference, "the parties must identify and disclose to the opposing party all documents they intend to offer and witnesses they intend to call at the trial."

[¶ 35] Robert Carroll filed a pretrial brief, a statement of current earnings, property and debt listing, and list of wit-

nesses more than two weeks before the pretrial conference. He requested that his child support be calculated on the basis of his current earnings. His motion to appear at the pretrial conference by telephone was granted, as was the State's.

[¶ 36] The State did not make any of the disclosures specified in the scheduling order prior to the pretrial conference as required.

[¶ 37] Robert Carroll moved for a continuance because he no longer had a vehicle and needed a ride to North Dakota. He asked for a short delay. The court did not rule on the motion before the trial date. At the beginning of the scheduled trial, the court denied a continuance and denied Robert Carroll telephone participation.

[¶ 38] The State had disclosed its witnesses only the day before trial and was permitted to introduce previously undisclosed documents. Both actions were in violation of the scheduling order. The district court based its child support order on the testimony of the previously undisclosed witness and the previously undisclosed documents.

[¶ 39] Robert Carroll's motion to vacate the judgment was opposed by Anna Carroll and the State. In denying the motion, the court for the only time on the record addressed the objection to State participation, saying, "Ultimately, the Child Support unit intervened and such was granted, despite the objection to such intervention by the Defendant."

## II

### A

[¶ 40] The State concedes that it is not a real party in interest in every child support case and that it is only entitled to participate in a case if it meets one of the criteria specified by statute:

State is real party in interest.

The state is a real party in interest for purposes of establishing paternity and securing repayment of benefits paid, future support, and costs in action brought to establish, modify, or enforce an order for support of a child in any of the following circumstances:

1. Whenever aid under chapter 50–09 or 50–24.1 is provided to a dependent child.

2. Whenever application is made and accepted for services provided by the child support agency.

3. Whenever duties are imposed on the state or its public officials under chapter 14–12.2.

N.D.C.C. § 14–09–09.26. On February 28, 2015, the State filed a notice, "Based on the provisions of North Dakota Century Code § 14–09–09.26 and North Dakota Rules of Civil Procedure 10(a), you are notified that the State of North Dakota is a real party in interest and must be added to the title of all documents." The State specified no ground for being a real party in interest.

[¶ 41] Robert Carroll's objection to what he and the district court call the State's intervention specifically raised the insufficiency of the State asserting a legal conclusion without providing a factual legal ground for the conclusion.

[¶ 42] The State asserts that all that is needed is for it to assert it is a real party in interest and that is it. Even if put to its proof by a disputing party, the State says it does not have to disclose a basis for being entitled to be a real party in interest.

[¶ 43] What the State is asserting here would be like the State in a different type of proceeding saying, "The State is entitled to a search warrant if there is probable cause. We say there is probable cause, so

we are entitled to a search warrant but we don't have to say what the facts are that establish probable cause."

## B

[¶ 44] The district court and Robert Carroll say the State's participation is an intervention if the State is entitled to be a real party in interest and has not been named in the case from the beginning. This appears to be consistent with N.D.R.Civ.P. 24(a)(1), "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a statute." This is Robert Carroll's contention here. Then (c)(1) requires:

A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought. The same procedure must be followed when a statute gives a right to intervene.

[¶ 45] Even if I were to agree with the majority that a formal motion to intervene was not required, simple fairness and fundamental due process would still require that the State's notice include a statutory ground. Even further, if its right to participate as a statutory party in interest is challenged, simple fairness and fundamental due process would require it to come forward with proof.

[¶ 46] At the trial, both the representative of the child support office and Anna Carroll testified. None of their testimony reveals a statutory basis for the State's being a real party in interest here.

## C

[¶ 47] The State and the majority argue that N.D.R.Civ.P. 10(a) lets the State in without a motion to intervene and without specifying a ground, even when challenged.

[¶ 48] Effective March 1, 2007, this sentence was added to N.D.R.Civ.P. 10(a):

If the State of North Dakota is a real party in interest in an action and was not named as a party in the original title, its name must be added to the title.

It is important to note that this sentence is conditional: "If the State of North Dakota is a real party in interest." Then its name must be added to the title of the case.

[¶ 49] Although the change to N.D.R.Civ.P. 10(a) was ultimately adopted as part of the Court's annual rules package from the Joint Procedure Committee, it was not in the package submitted by the committee, not included in the notice of proposed rulemaking, and not included in the hearing held. See Order of Adoption, docket 20060187. As the order of adoption states, "The Court, on its own, also considered amendments to N.D.R.Civ.P. 10 (Form of Pleadings)." It was added by the Court without vetting by the Court's procedural rule committee, public notice, or hearing. But as the Court's order of adoption states, it relates to the "Form of Pleadings" and is conditional on the State, in fact, being a real party in interest.

[¶ 50] Before the rule change went into effect, the problem was that the case title would reflect only the individual parties' names, but there would be assistant state's attorneys arguing and sometimes taking the appeal. See, e.g., Cline v. Cline, 2007 ND 85, 732 N.W.2d 385; Smith v. Hall, 2005 ND 215, 707 N.W.2d 247; Oien v. Oien, 2005 ND 205, 706 N.W.2d 81; Knoll v. Kuleck, 2004 ND 199, 688 N.W.2d 370; St. Claire v. St. Claire, 2004 ND 39, 675 N.W.2d 175.

[¶ 51] Now, once the State is in fact a real party in interest, its name gets added to the title of the case.

[¶ 52] The State is only a real party in interest if it meets one of the three statutory grounds. The State must establish, not merely and baldly assert, that it meets a statutory ground. There is no reason to require a disputing party to move to exclude the State as a party if it is not a party in the first place. Whether the State is a real party in interest is a question of fact, whether one of the specified grounds is met. The determiner of the facts must be the court, not the attorney for the State.

### D

[¶ 53] So how would the State know about this private divorce case if one of the three grounds in N.D.C.C. § 14–09–09.26 were not met? Christopher S. Pieske, the attorney for the State here and in the district court, provided the answer at oral argument. Child support enforcement is able to use the court system's Odyssey case management system to monitor for district court cases involving child support. Pieske explained at oral argument, "Generally when the State becomes aware of a private action either through one of the parties or the attorneys or something filed through the Odyssey system, the State will file a notice of the State as a real party in interest similar if not identical to the one filed in this case." He said, "That's done at the earliest time the State becomes aware of a private action." When asked, "If you become aware of it through the Odyssey system?" Pieske replied, "Yes, if there is an open child support case, then the State will file a notice as a real party in interest."

### E

[¶ 54] The State must show that it is in fact a real party in interest before it interjects itself in private litigation.

### III

[¶ 55] The majority says, at ¶ 11, "[Robert Carroll] asserts that, although his motion for continuance was e-mailed to the district court with 'sufficient time' to delay the hearing, the court's denial of his motion was arbitrary." The majority says, at ¶ 12, "The State contends the district court did not abuse its discretion in denying Robert Carroll's motion for continuance because the motion was not properly filed, is not part of the record, and came two days before trial." But the motion is clearly in the record at docket index 51, and the affidavit reflects that it was mailed February 10, nine days before the hearing. Indeed, the State's own response to the motion for continuance is dated three days before the hearing. The majority, also at ¶ 12, notes, "The State also asserts the court had notified the parties that the trial would not be continued." No such notice on the motion for continuance is found in the record. Indeed, the transcript refutes State's assertion when the judge, at the opening of the trial, made his ruling on the motion for continuance:

> There was a motion for continuance. The state takes no position. You [the plaintiff] objected to the continuance. I'm not granting a continuance. I didn't have time to get an order out. That's the way it is. And I believe he wants to appear by phone, I'm not going to allow that because it's a problem trying to get an accurate record.

With his motion, Robert Carroll had provided a check-the-box "approved" or "denied" draft order that was never returned.

[¶ 56] It was only at the beginning of the trial that the record reflects his motion for continuance was denied, and the court said he would not be permitted to appear by telephone.

[¶ 57] The State, apparently for the first time, at the trial presented its calculations

on which the district court based its order. On the day before the hearing, the State had notified the court and the parties that it would have exhibits. Nothing in the record reflects that these calculations had been presented to the parties before the hearing. Indeed, the record reflects they were a surprise to Anna Carroll's lawyer:

> THE COURT: Have you seen Mr. Pieske's calculations?
>
> MR. MURTHA: He showed me something just now.

After marking the State's documents as exhibits, the court turned to Anna Carroll's lawyer:

> THE COURT: ... Mr. Murtha, I didn't see any exhibit list from you. Do you have—how many exhibits do you have?
>
> MR. MURTHA: I don't have any exhibits, Your Honor.

Thus, the only calculations or other exhibits were from the State, an entity whose participation had been the subject of a timely objection that had never been ruled upon. And the scheduling order had required them to have been provided before the pretrial hearing.

## IV

[¶ 58] The State in its calculations used old income numbers from 2013 and 2014, even though the oil industry had bottomed out, and it conceded:

> Q. Does [sic] you or your office have any information regarding whether Mr. Carroll is employed now?
>
> A. As far as we know he's not.

This Court recently reversed in the similar case of Rathbun v. Rathbun, 2017 ND 24, ¶ 9, 889 N.W.2d 855:

> "The guidelines must be applied using common sense and in consideration of the circumstances." Minar v. Minar, 2001 ND 74, ¶ 20, 625 N.W.2d 518 (citing Richter v. Houser, 1999 ND 147, ¶ 8, 598

N.W.2d 193). [The obligor] claims locating "similar work" is impossible due to the downturn in the oil field. . . . He testified he has not obtained employment and is receiving unemployment. We note that the oil industry has changed dramatically in North Dakota. It is unrealistic to conclude job opportunities with similar earnings to what [he] was making were available at the time of the hearing.

[¶ 59] The child support must be calculated using common sense, not on the basis of a wistful look at the boom days of the past.

[¶ 60] Furthermore, only Robert Carroll complied with the district court's scheduling order. His timely pretrial filing showed his current employment by Roddie Trucking, 5629 Link Road, San Angelo, Texas 75904, for the previous ten months, with gross income of $750 per month, federal income tax withheld of $97, FICA of $46.50, and Medicare of $10.87, for a net income of $595.63 per month. The record reflects no request for information from him from the child support agency, and despite what was in the record, its witness testified to not being aware of Robert Carroll's being currently employed.

## V

[¶ 61] I would reverse and remand for a new trial and would exclude the State unless it can establish a factual basis for its being a real party in interest.

[¶ 62] Dale V. Sandstrom, S.J.

Kapsner, Justice, concurring in part and dissenting in part.

[¶ 63] I concur in Parts II, III, and IV of the majority opinion. I respectfully dissent from Part V. I would affirm the district court's determination of child support.

[¶ 64] Paragraph 23 of the majority opinion recites the findings upon which the district court established child support. The key findings are that the defendant is unemployed, it is necessary to impute income based upon 90% of his greatest income for a 12–month period in the last 24 months, and 90% of his greatest gross annual income during that period of time is $80,412.00, resulting in net monthly income for child support purposes of $4,922.00. Although the district court did not specifically refer to N.D. Admin. Code § 75–02–04.1–07(3)(c), those findings meet the requirements of that subsection. I do not believe we have ever stated that the district court must refer to the specific guideline being applied, so long as the guidelines are properly applied.

[¶ 65] The State introduced evidence that Robert Carroll had received income of $89,350.14 in 2014, and therefore the district court had the "reliable evidence" which N.D. Admin. Code § 75–02–04.1–07(3)(c) requires. Ninety percent of this number is $80,412.00. This number is the starting point of the child support calculation introduced at the hearing by the State as Exhibit 2. That exhibit also indicates after the required guideline deductions, the net monthly income is $4,922.00, resulting in a child support amount of $1,387.00. There is no confusion about how the district court determined the amount of child support based upon the evidence it was presented.

[¶ 66] Robert Carroll tries to argue that the district court improperly "extrapolated" income to determine child support. It did not. As shown by the State's Exhibit 1, the approximately $89,350.00 income was received in three quarters of 2014. If the district court had extrapolated income, it would have divided $89,350.00 by nine months ($9,927.00) and multiplied this number by 12 to figure an annual extrapolated income of $119,124.00. It would have reduced this by 90% to use $107,211.00 as the starting point to compute child support. Rather, it gave Robert Carroll the benefit of computing child support based on nine months of income. He, failing to appear and give proper information, is not in a position to complain about this benefit. As hinted in the majority opinion, the result is the same as the guidelines provide under N.D. Admin. Code § 75–02–04.1–07(9)(c) for an obligor who fails to furnish reliable information concerning the obligor's gross income from earnings.

[¶ 67] For these reasons, it is clear from this record the district court followed the guidelines and properly calculated child support based upon the evidence it heard, and I would affirm.

[¶ 68] Carol Ronning Kapsner