# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 131

Amy Avery,                                                          Petitioner

    v.

Troy Allan Rowe Boysen,                              Respondent and Appellant

## No. 20190199

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Amy Avery, petitioner. No appearance.

Travis D. Iversen, Bismarck, ND, for respondent and appellant; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Troy Boysen appealed from a district court order denying his motions for reconsideration[1] and for a new trial.  Because Boysen failed to establish the district court abused its discretion in denying his motions, we affirm.

I

[¶2]   In February 2019, Amy Avery petitioned the district court for a disorderly conduct restraining order against Boysen.  The court entered a temporary disorderly conduct restraining order on February 12, 2019.  After the court granted Boysen a continuance, a hearing on the petition was scheduled for March 8, 2019, in the Williams County courthouse.  The court entered an amended temporary disorderly conduct restraining order on February 21, 2019.

[¶3]   According to his affidavit, Boysen claims that while traveling from South Dakota to the March 8 hearing in Williams County, his vehicle got a flat tire. He alleges that he called the courthouse and informed the clerk of court he had a flat tire and would still try to make it to the hearing.  Boysen further alleges that he was transferred to the court reporter and was told he would be given time to arrive and mount a defense.

[¶4]   From the hearing transcript, the district court acknowledged that Boysen had called and was running late, but the court proceeded with the

---

[1] We have explained that "[a] motion for reconsideration is not a formally recognized motion and is not one of the enumerated appealable orders listed in N.D.C.C. § 28-27-02." *Waslaski v. State*, 2013 ND 70, ¶ 7, 830 N.W.2d 228 (citing *White v. Altru Health Sys.*, 2008 ND 48, ¶ 7, 746 N.W.2d 173); *see also Kautzman v. Doll*, 2018 ND 23, ¶ 9, 905 N.W.2d 744 ("North Dakota law does not formally recognize motions to reconsider.").  "However, 'this Court has treated motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or motions for relief from a judgment or order under N.D.R.Civ.P. 60(b).'" *Waslaski*, at ¶ 7 (quoting *Hammeren v. Hammeren*, 2012 ND 225, ¶ 28, 823 N.W.2d 482).  Here, Boysen made his motion for "reconsideration," seeking relief from the disorderly conduct restraining order under N.D.R.Civ.P. 60(b)(1), and we will treat it as such.

hearing without Boysen present, fifteen minutes after the originally scheduled time.  The court stated on the record that the matter had been continued from the previous month, that Boysen was 30 miles from town and had a flat tire, and that Boysen was told the case "would go second."  The court further stated, however, that although another case had been set, the parties in that case did not show up, and the court was "not going to wait for [Boysen]."

[¶5]  The district court held a short hearing on March 8, 2019, and subsequently entered a disorderly conduct restraining order barring Boysen from contact with or coming within 50 feet of Avery for six months, expiring August 12, 2019.  According to his affidavit, Boysen arrived just in time to see the court proceedings had concluded.

[¶6]  In May 2019, Boysen filed a motion for reconsideration under N.D.R.Civ.P. 60(b)(1), a motion for new trial under N.D.R.Civ.P. 59(b)(3), and a supporting brief, affidavits, and exhibits, requesting the district court vacate its judgment and grant a new trial.  The court denied both motions in an order dated May 28, 2019.

## II

[¶7]  Our standard for reviewing a district court decision under N.D.R.Civ.P. 60(b) is well established:

> A trial court's decision to deny [or grant] relief under N.D.R.Civ.P. 60(b) will not be overturned on appeal absent an abuse of discretion.  We do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling . . . [whether] sufficient grounds for disturbing the finality of the judgment were . . . established.  An abuse of discretion occurs only when the trial court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.

2

*Berry v. Berry*, 2017 ND 245, ¶ 10, 903 N.W.2d 68 (quoting *Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495 (citations omitted)); *see also Carroll v. Carroll*, 2017 ND 73, ¶ 8, 892 N.W.2d 173.

[¶8]   Likewise, whether to grant a new trial under N.D.R.Civ.P. 59(b) rests within the district court's discretion.  *Carroll*, 2017 ND 73, ¶ 9, 892 N.W.2d 173.  Our review of the district court's denial of a new trial motion is limited to deciding whether the court manifestly abused its discretion.  *Id.*  Under both rules the party seeking relief has the burden to affirmatively establish the court abused its discretion denying the motion.  *Twete v. Mullin*, 2019 ND 184, ¶ 13, 931 N.W.2d 198; *Anderson v. Baker*, 2015 ND 269, ¶ 10, 871 N.W.2d 830; *see also Shull v. Walcker*, 2009 ND 142, ¶ 14, 770 N.W.2d 274 ("The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the judgment, and relief should be granted only in exceptional circumstances.").

[¶9]   Boysen argues the district court abused its discretion in denying his motion for reconsideration under N.D.R.Civ.P. 60(b)(1) when the court unreasonably and arbitrarily proceeded with the hearing in his absence.

[¶10] Under N.D.R.Civ.P. 60(b)(1), the district court may grant relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  Under Rule 60(b) "[w]e do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established."  *Carroll*, 2017 ND 73, ¶ 8, 892 N.W.2d 173 (quoting *Vann v. Vann*, 2009 ND 118, ¶ 10, 767 N.W.2d 855).  "Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and, accordingly, the rule should be invoked only when extraordinary circumstances are present."  *Carroll*, at ¶ 8 (quoting *Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495).

[¶11] Boysen contends the district court abused its discretion in denying relief in the form of a new hearing because the denial was unreasonable and

unconscionable under the circumstances. He asserts he gave a legitimate reason for his failure to arrive at the time scheduled for the hearing and the court acknowledged his reason at the hearing. He argues the flat tire was an event beyond his control, rather than a deliberate choice, and the order denying his motion was not the product of a rational mental process. Boysen argues that the district court's restraining order was effectively a default judgment, he was not afforded a chance to defend himself at the hearing, and the order should be reversed because the court should have shown leniency regarding his Rule 60(b) motion. He asserts he has been left essentially unheard on any substantive issue.

[¶12] Boysen also argues the district court abused its discretion in denying his new trial motion under N.D.R.Civ.P. 59(b), contending his motions were intertwined. Under N.D.R.Civ.P. 59(b)(3), a district court may grant a new trial for "accident or surprise that ordinary prudence could not have guarded against," when such grounds materially affect the party's substantial rights. The court's decision whether to grant a new trial under N.D.R.Civ.P. 59(b) rests entirely within its discretion. *Carroll*, 2017 ND 73, ¶ 9, 892 N.W.2d 173. Boysen argues that given his circumstances and his inability to travel to the hearing, the appropriate means of relief would have been a new trial so he could have been able to appear at the hearing. Again, he argues he has shown a valid reason for his absence.

[¶13] While Boysen asserts he was told his case would go second, the district court proceeded with his case when the parties of the first case did not appear. The court stated on the record it had been apprised Boysen had had a flat tire and was about 30 miles from town, but the court decided it was not going to continue to wait any longer for him. Boysen claims this shows the court acted "unreasonably and arbitrarily" by proceeding in his absence. However, it is undisputed he was not present at the scheduled time, and the record indicates the court had delayed the start of the hearing.

[¶14] It is axiomatic the court has discretion whether to delay a previously scheduled hearing. *See Carroll*, 2017 ND 73, ¶ 11, 892 N.W.2d 173. "[T]he district court has broad discretion over the presentation of evidence and

4

conduct of a trial, in addition to whether to grant a motion for a continuance, and the court's decision will not be reversed on appeal absent an abuse of discretion." *Id.*; *see also Wilson v. Wilson*, 2014 ND 199, ¶ 7, 855 N.W.2d 105; *Rickert v. Dakota Sanitation Plus, Inc.*, 2012 ND 37, ¶ 31, 812 N.W.2d 413. The court acted within its discretion in deciding to proceed with the hearing.

[¶15] While Boysen appealed from the May 2019 order denying his motions, he has not sufficiently explained how the district court abused its discretion in denying his motions for relief from the disorderly conduct restraining order. *See Anderson*, 2015 ND 269, ¶ 11, 871 N.W.2d 830 (stating movant for relief from an underlying contempt order had not appealed the contempt order and could not challenge that order). Boysen did not appeal the disorderly conduct restraining order entered after the March 2019 hearing and did not argue the substance of the disorderly conduct restraining order as providing grounds for his motions. On our review of the record, we conclude Boysen failed to meet his burden to show he was entitled to relief under either N.D.R.Civ.P. 60(b) or N.D.R.Civ.P. 59(b). The court therefore did not abuse its discretion in denying his motions.

III

[¶16] The district court order is affirmed.

[¶17] Gerald W. VandeWalle
Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen, C.J.