# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 155

Thomas Michael Pinkney,                          Petitioner and Appellant

v.

State of North Dakota,                          Respondent and Appellee

### No. 20200249

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Eric P. Baumann, Minot, ND, for petitioner and appellant.

Meredith H. Larson, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Thomas Pinkney appealed from a district court order granting summary dismissal of his post-conviction relief application. We conclude the court did not abuse its discretion in denying Pinkney's motion for continuance and did not err in granting the State's motion for summary dismissal. We affirm.

I

[¶2]   In 2015, Pinkney pleaded guilty to gross sexual imposition, a class A felony, and was sentenced. He subsequently filed for post-conviction relief on two occasions, in addition to filing multiple motions in his criminal case, which have been denied.

[¶3]   In April 2020, Pinkney filed the present application for post-conviction relief in the district court, alleging as grounds for relief newly discovered evidence-DNA testing, actual innocence, and incompetence to plead guilty. In his application Pinkney requested to withdraw his guilty plea and proceed to a jury trial. The court scheduled a hearing on his application for July 24, 2020. The State answered opposing his application and moved the court for summary dismissal of his application.

[¶4]   In May 2020, Pinkney filed a motion seeking an extension of time to file a response to the State's motion for summary disposition, which the district court granted. On June 8, 2020, Pinkney filed his response to the State's motion and also served and filed a request for discovery on the State. In his response, Pinkney's court-appointed attorney asserted he continued to research this matter, made contact with the prosecutor, and sent a request for discovery. His attorney further asserted that he could not say whether newly discovered evidence existed at that time but that he had retained a psychological expert and a private investigator. His attorney requested leave of the court to continue his investigation and to amend the application on conclusion of the investigation. Because investigation was on-going, he

requested the court to deny the State's summary disposition motion or, in the alternative, reserve its decision until investigations were concluded.

[¶5] On July 15, 2020, Pinkney moved the district court for a continuance of the hearing on his post-conviction relief application. Pinkney's motion indicated that he had received written discovery for the underlying criminal case from the State on June 23, 2020, and video discs a few days later, and pertinent parts were relayed to the psychologist for review. The motion further stated that the psychologist contacted Pinkney's attorney on July 7, 2020, and indicated that she had not been able to interview Pinkney due to Department of Corrections and Rehabilitation (DOCR) policy during the pandemic and therefore had not been able to complete her evaluation. Pinkney's motion requested the hearing be continued until September 2020, to allow the psychologist to complete her evaluations.

[¶6] The district court subsequently entered orders denying his motion for continuance and granting the State's motion for summary dismissal.

II

[¶7] Pinkney argues the district court erred in denying his motion for continuance.

[¶8] Whether to grant a motion for a continuance rests within the district court's discretion. *Everett v. State*, 2008 ND 199, ¶ 25, 757 N.W.2d 530. A motion for a continuance will be granted only if the movant shows good cause. N.D.R.Ct. 6.1(b); *State v. Hilgers*, 2004 ND 160, ¶ 38, 685 N.W.2d 109. This Court reviews a court's decision to grant a continuance under an abuse of discretion standard. *Everett*, at ¶ 25. A court abuses its discretion by acting unreasonably, arbitrarily, or unconscionably. *Id.*

[¶9] Pinkney asserts that the plain reason he moved for a continuance in July 2020 was that his psychologist had not been able to interview him due to DOCR policy during the pandemic and, therefore, the psychologist could not complete the evaluation. He argues the district court erred by inferring his motion to continue must comply with N.D.R.Ct. 3.2(a)(2); erred by misstating the facts

in stating the State had not responded to his motion; and erred by misunderstanding his motion as based on discovery problems.

[¶10] In its order, the district court initially noted that because Pinkney had made his motion for a continuance so close in time to the scheduled hearing, his motion was untimely because the State would not have had time to respond to his motion under N.D.R.Ct. 3.2(a)(2). The State, however, had responded to the motion before the court ruled. The court nevertheless explained that it denied his continuance motion because Pinkney had failed to seek leave to use discovery procedures and had not established good cause for an "additional continuance" after the court previously granted him an extension of time to respond to the State's motion. Despite Pinkney's assertion his psychologist had been unable to interview him and complete an evaluation, the court held it was dispositive that he was still investigating his claims for relief. The court specifically held Pinkney did not establish good cause for an additional continuance.

[¶11] While the district court may have misstated whether the State had responded to his motion for a continuance, we understand the court's ultimate decision to deny Pinkney an additional continuance. The State's opposition to his motion on the record does not provide support for his continuance motion. The court did not act unreasonably, arbitrarily, or unconscionably in denying the motion. We conclude the court did not abuse its discretion.

III

[¶12] Pinkney contends that the district court erred in granting the State's motion for summary dismissal.

[¶13] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Myers v. State*, 2017 ND 66, ¶ 7, 891 N.W.2d 724 (quoting *Wacht v. State*, 2015 ND 154, ¶ 6, 864 N.W.2d 740). A district court may summarily dismiss a post-conviction relief application if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.D.C.C. § 29-32.1-09(3). We review an appeal

3

from summary dismissal of post-conviction relief as we would review an appeal from a summary judgment. *Myers*, at ¶ 7.

[¶14] "The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Myers*, 2017 ND 66, ¶ 7 (citation omitted). This Court has further explained:

> A movant may discharge his burden of showing there is no genuine issue of material fact by pointing out to the trial court there is an absence of evidence to support a [applicant's] case. Once the movant shows the trial court there is no record evidence to support the [applicant's] claim and, therefore, there is nothing the State can point to in support of its assertion no such evidence exists, the movant has put the [applicant] on his proof and a minimal burden has shifted to the [applicant] to provide some competent evidence to support his claim. The State is permitted to shift the burden in this manner only in those cases in which it would otherwise be required to prove the complete absence of any evidence supporting the nonmovant's claims and allegations in order to meet its initial burden of showing there are no contested issues of material fact. Otherwise, the moving party's initial burden must still be met before the burden can be shifted to the nonmovant to produce evidence prior to the hearing to support his claim.

*Parizek v. State*, 2006 ND 61, ¶ 7, 711 N.W.2d 178 (cleaned up).

[¶15] "Because post-conviction relief cases are not an opportunity to relitigate issues, it is the unusual case in which a post-conviction relief court will compel discovery, limited to issues upon which relief is available." *Davis v. State*, 2013 ND 34, ¶ 15, 827 N.W.2d 8 (citations omitted). "[P]ost-conviction relief is not a device for investigating possible claims, but a means for vindicating actual claims." *Id.* (quotation marks omitted).

[¶16] Pinkney asserts his allegations "could constitute" either the "newly discovered evidence" or the "physical disability or mental disease" exceptions to the two-year statute of limitations under N.D.C.C. § 29-32.1-01(3). He

asserts that he is entitled to a reasonable inference from his allegations that his application should not be barred by the statute of limitations. He appears to contend that his mere assertions are sufficient to establish the "minimal burden" to provide some competent evidence to support his claim after the State moved for summary dismissal.

[¶17] The State responds that its motion for dismissal put Pinkney to his proof and alleged he was barred by the statute of limitations, as well as the affirmative defenses of res judicata and misuse of process. The State asserts that after being put to his proof to oppose its motion, Pinkney filed two motions to either extend or continue his time to respond, admitting that he could not say whether there was newly discovered evidence in this case. The State contends he failed to file minimal competent evidence to raise an issue of material fact.

[¶18] Here, in a comprehensive opinion, the district court concluded Pinkney had failed to supplement his post-conviction relief application with any evidence or affidavits raising a genuine issue of material fact. The court noted Pinkney had acknowledged that he did not know of newly discovered evidence and was "investigating" whether there was newly discovered evidence or a mental disease. The court held Pinkney had instead relied only on conclusory, unsupported allegations and failed to show there was any questions of material fact.

[¶19] Addressing his request to withdraw his guilty plea, the district court concluded Pinkney had not produced any evidence that his plea was not voluntarily or intelligently given and that it was not sufficient for Pinkney to simply provide conclusory allegations asserting he is innocent of charges or a vulnerable adult who did not have the ability to consult with an attorney or understand what had occurred in the prior proceedings. The court reasoned that post-conviction proceedings are not to investigate possible claims but rather to vindicate actual claims.

[¶20] On this record Pinkney failed to meet his minimal burden to provide at least some competent evidence to support his claims in response to the State's

summary dismissal motion. Instead, his filings merely suggest that his investigation is ongoing, particularly regarding his mental competence to plead guilty. Pinkney has failed to raise a genuine issue of material fact. We therefore conclude the district court did not err in granting the State's motion for summary disposition.

IV

[¶21] The order dismissing the application is affirmed.

[¶22] Daniel J. Crothers, Acting C.J.
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
Rhonda R. Ehlis, D.J.

[¶23] The Honorable Rhonda R. Ehlis, D.J., sitting in place of Jensen, C.J., disqualified.