# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 138

David Ntoto Mbulu,                                    Petitioner and Appellant

v.

State of North Dakota,                              Respondent and Appellee

### No. 20210224

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Kirsten M. Sjue, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Samuel A. Gereszek, Grand Forks, ND, for petitioner and appellant.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for respondent and appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1]   David Ntoto Mbulu appealed from a district court order granting his application for post-conviction relief in part and denying it in part. We conclude the district court did not err by denying Mbulu's claims related to the jury instructions for the conspiracy to commit gross sexual imposition charge. However, we also conclude the court erred by summarily dismissing Mbulu's ineffective assistance of counsel claim related to the failure to call his co-defendant as a witness during the criminal trial. We affirm in part, reverse in part, and remand.

I

[¶2]   In 2017, Mbulu was convicted of conspiracy to commit gross sexual imposition, accomplice to gross sexual imposition, conspiracy to commit murder, and attempted murder. His conviction was affirmed on appeal. *State v. Mbulu*, 2018 ND 73, 908 N.W.2d 732.

[¶3]   In 2018, Mbulu applied for post-conviction relief. He alleged various claims of ineffective assistance of counsel, including that his trial counsel failed to subpoena and call his co-defendant, Jean-Michael Kisi, to testify during the trial. He claimed Kisi's testimony would have resulted in a different outcome on the conspiracy to commit gross sexual imposition and accomplice to gross sexual imposition charges. Mbulu later moved to amend his application to include claims that his trial and appellate attorneys were ineffective because they failed to object to errors in the jury instructions for the conspiracy to commit murder and conspiracy to commit gross sexual imposition charges, which allowed him to potentially be convicted of non-cognizable offenses.

[¶4]   The State moved for dismissal of Mbulu's application for post-conviction relief. The district court partially granted the State's motion to dismiss, including dismissing Mbulu's claim that he received ineffective assistance of counsel because his trial counsel failed to subpoena Kisi. The court granted Mbulu's motion to amend his application. The court denied the State's motion

to dismiss Mbulu's claims about improper jury instructions related to the conspiracy to commit murder and conspiracy to commit gross sexual imposition charges.

[¶5] After an evidentiary hearing, the district court granted the application in part and denied it in part. The court ruled Mbulu abandoned the jury instruction argument related to the conspiracy to commit gross sexual imposition charge. The court granted the application for relief on the jury instruction issue related to the conspiracy to commit murder charge, and ordered the conspiracy to commit murder conviction be vacated and remanded for a new trial. Judgment was entered.

II

[¶6] Mbulu argues the district court erred by summarily dismissing his ineffective assistance of counsel claim related to the failure to subpoena and call Kisi as a witness during the criminal trial. He contends he presented sufficient evidence to raise a genuine issue of material fact and entitled him to an evidentiary hearing, including an affidavit from Kisi in which Kisi stated that he acted spontaneously and alone regarding the gross sexual imposition charges and that he was willing to waive his right against self-incrimination and testify at Mbulu's trial.

[¶7] A claim for post-conviction relief may be summarily dismissed if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Pinkney v. State*, 2021 ND 155, ¶ 13, 963 N.W.2d 737. "If the State moves for summary dismissal, putting a petitioner to his proof, a minimal burden shifts to the petitioner to support his application with admissible evidence, by affidavit or other comparable means, to raise a genuine issue of material fact." *Friesz v. State*, 2022 ND 22, ¶ 7, 969 N.W.2d 465 (quoting *Morales v. State*, 2020 ND 117, ¶ 3, 943 N.W.2d 761). "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Friesz*, at ¶ 7 (quoting *Davis v. State*, 2013 ND 34, ¶ 25,

827 N.W.2d 8). On appeal, the summary dismissal of a claim for post-conviction relief is reviewed like an appeal from summary judgment. *Pinkney*, at ¶ 13.

[¶8]   To prevail on a claim of ineffective assistance of counsel, the applicant for post-conviction relief must show: "1) counsel's representation fell below an objective standard of reasonableness and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Yoney v. State*, 2021 ND 132, ¶ 7, 962 N.W.2d 617 (quoting *Olson v. State*, 2019 ND 135, ¶ 19, 927 N.W.2d 444). There is a presumption that the counsel's representation fell within the wide range of reasonable professional assistance. *Heckelsmiller v. State,* 2004 ND 191, ¶ 3, 687 N.W.2d 454. We have said the record and transcripts generally are not adequate to determine whether summary disposition is appropriate on claims of ineffective assistance of counsel. *Stein v. State*, 2018 ND 264, ¶ 8, 920 N.W.2d 477.

[¶9]   The district court granted the State's motion to dismiss Mbulu's claim that he received ineffective assistance of counsel because his trial counsel failed to subpoena Kisi. The court explained the decision not to call Kisi as a witness was a trial strategy which was evidenced by trial counsel's argument opposing consolidation of Mbulu's and Kisi's cases, in which counsel argued Kisi could not be compelled to testify and be subjected to cross-examination if the cases were joined. The court stated that to the extent Kisi's affidavit contradicted the testimony Kisi gave at his own trial those contradictions could not be used to create a genuine issue of material fact. The court noted Kisi was tried after Mbulu and any statement Kisi made in Mbulu's trial would have been used against him at his own trial, and Mbulu failed to provide an affidavit from Kisi's trial counsel indicating he would have allowed Kisi to waive the privilege against self-incrimination and testify. The court concluded Mbulu failed to show a genuine issue of fact that his trial counsel's failure to call Kisi fell below an objective standard of reasonableness or that the outcome of the proceeding would have been different.

[¶10] Mbulu presented an affidavit from Kisi as evidence supporting his claim. In the affidavit, Kisi claimed he would have waived the right against self-incrimination and agreed to testify at Mbulu's trial. He explained his version

of the events leading to the charges. Kisi stated he was traveling with Mbulu and the victim in a vehicle, he stopped the vehicle, and Mbulu physically removed the victim from the vehicle. He alleged Mbulu and the victim got into a verbal and physical altercation, he tried to separate Mbulu and the victim, the victim's pants started to come off, and Mbulu went back to the vehicle. Kisi stated that he was trying to calm the victim down and he "inappropriately touched or fingered" the victim before he got back into the vehicle.

[¶11] The State charged Mbulu with conspiracy to commit gross sexual imposition, alleging Mbulu agreed with Kisi to commit gross sexual imposition against the victim and engaged in one or more overt acts to further that objective. The State also charged Mbulu with accomplice to gross sexual imposition, alleging Mbulu, acting as a co-conspirator or with the intent that an offense be committed, aided Kisi in committing the offense of gross sexual imposition by physically restraining the victim while Kisi engaged in a sexual act. Mbulu filed an affidavit from Kisi providing evidence of what Kisi would have testified to if called as a witness and how that testimony likely would have led to a different result on the conspiracy to commit and accomplice to gross sexual imposition charges. Giving Mbulu all reasonable inferences, the affidavit from Kisi creates a genuine issue of material fact about whether Mbulu's trial counsel's representation fell below an objective standard of reasonableness.

[¶12] The district court stated it appeared Mbulu's trial counsel at least considered calling Kisi as a witness because one of the grounds for opposing consolidation of Mbulu's and Kisi's trials was that Mbulu would be unable to compel Kisi to testify if the cases were joined. The court concluded "[t]he ultimate decision not to call Kisi as a witness was clearly a matter of trial strategy and within the range of choices that a reasonable attorney would make." However, there was no testimony from Mbulu's trial attorneys that this was trial strategy or about why Kisi was not called as a witness.

[¶13] The district court also noted Kisi's statements in his affidavit contradict the testimony he gave at his own trial and any statements Kisi made at Mbulu's trial would have been used against him by the State at his own trial,

4

which is something "any reasonable criminal defense attorney would not have allowed to occur." The court further stated Mbulu did not provide an affidavit from Kisi's trial counsel indicating that he would have advised or permitted Kisi to waive his Fifth Amendment privilege against self-incrimination in order to testify. The privilege against self-incrimination belongs to the witness, and it is the witness's decision whether to waive it. *See Rogers v. United States*, 340 U.S. 367, 371 (1951) (stating the privilege against self-incrimination is solely for the benefit of the witness and is purely a personal privilege of the witness). The decision to waive the privilege against self-incrimination belonged to Kisi and he could have ignored any advice from his attorney.

[¶14] To the extent the district court weighed the credibility of Kisi's affidavit, it was improper. When the court decides a motion for summary dismissal, it is required to view the evidence in the light most favorable to the opposing party and it is not permitted to weigh the evidence or determine credibility. *Cf. Schaefer v. Souris River Telecomms. Coop.*, 2000 ND 187, ¶ 8, 618 N.W.2d 175 (stating a court is not permitted to weigh evidence or determine credibility in considering evidence submitted for a motion for summary judgment; rather, the evidence is viewed in the light most favorable to the opposing party).

[¶15] Mbulu presented sufficient evidence to create a genuine issue of material fact regarding his attorney's failure to subpoena and call Kisi as a witness. Mbulu is entitled to an evidentiary hearing on this issue. We conclude the district court erred by summarily dismissing Mbulu's ineffective assistance claim related to calling Kisi as a witness.

### III

[¶16] Mbulu argues the district court erred by dismissing his claim related to the jury instructions on the conspiracy to commit gross sexual imposition charge. He contends the claim was intertwined with his claim about the jury instructions on the conspiracy to commit murder charge, and the court erred by concluding he abandoned the claim.

[¶17] Mbulu asserted claims for relief related to the jury instructions on the conspiracy to commit gross sexual imposition charge and the conspiracy to

5

commit murder charge. The district court denied relief on the claim related to the jury instructions on the conspiracy to commit gross sexual imposition charge, concluding Mbulu abandoned the claim. The court ruled, "[W]ith regard to the Conspiracy to Commit Gross Sexual Imposition jury instruction, the Court concludes that Petitioner abandoned his claim for relief on that issue by failing to pursue or develop it in any way since the Court's order granting amendment of his application for post-conviction relief and denying summary disposition on December 19, 2019." The court noted Mbulu did not present any testimony, evidence, or argument related to the claim during the evidentiary hearing and he did not raise or address the issue in his post-hearing brief.

[¶18] However, the district court granted Mbulu's claim for relief related to the jury instructions on the conspiracy to commit murder charge. While Mbulu's application was pending and after the parties filed their post-hearing briefs in the district court, this Court issued its decision in *Pemberton v. State*, 2021 ND 85, ¶¶ 13, 17, 959 N.W.2d 891, in which we held attempted "knowing" murder is not a cognizable offense and the jury instructions in that case, which included the word "knowingly," allowed the jury to find the defendant guilty of a non-cognizable offense. Citing *Pemberton*, the district court concluded the jury instructions for the conspiracy to commit murder charge were improper because they included the word "knowing." The court reversed Mbulu's conviction for conspiracy to commit murder and remanded for a new trial.

[¶19] On appeal, Mbulu argues the district court improperly separated the issues related to the jury instructions for the two conspiracy charges to comply with the ruling in *Pemberton*, he did not have notice or an opportunity to be heard on the *Pemberton* issue, and he claims he should be afforded the proper due process to address the *Pemberton* case and its impact on the two conspiracy charges. The State did not appeal, but it also argues the district court improperly applied *Pemberton* without giving the parties an opportunity to address the issue.

[¶20] Mbulu first argued in his motion to amend his application for post-conviction relief that the jury instructions related to the conspiracy to commit gross sexual imposition charge were improper and allowed the jury to

6

potentially convict him of a non-cognizable offense. He claimed his argument on the conspiracy to commit murder conviction also applied to the conspiracy to commit gross sexual imposition conviction. He explained conspiracy is a specific intent crime requiring an intent to achieve a particular result that is criminal, the jury instruction on the conspiracy to commit gross sexual imposition charge eliminated the intent element of the offense, the intent element for gross sexual imposition is "willfully," and the instructions should have included that the conspirators agreed to "intentionally compel." He claimed the instructions allowed the jury to find him guilty of a non-cognizable offense because the district court did not provide the jury with an instruction as to the intent required for conspiracy to commit gross sexual imposition.

[¶21] The district court granted Mbulu's motion to amend his application. The court also ordered there were genuine issues of material fact regarding the jury instructions on the conspiracy to commit murder and conspiracy to commit gross sexual imposition charges, and an evidentiary hearing was warranted on those issues.

[¶22] During the evidentiary hearing, one of Mbulu's trial attorneys testified about her decisions related to the jury instructions for conspiracy to commit murder charge. Mbulu did not ask her about the jury instructions for conspiracy to commit gross sexual imposition. Mbulu's appellate counsel also testified about conspiracy to commit murder and whether there was an appealable issue related to the instructions for that offense. His appellate counsel was not asked about the instructions for conspiracy to commit gross sexual imposition.

[¶23] In his post-hearing brief, Mbulu did not make any specific arguments about the jury instructions for conspiracy to commit gross sexual imposition. His started his brief by stating:

> [O]nly two issues remain for the Courts consideration, which is 1) Whether Mr. Mbulu received ineffective assistance of counsel from his trial attorney or appellate attorneys based on a failure to object to jury instructions relating to [a conspiracy to commit] murder

7

charge and 2) Whether his trial lawyer was ineffective for failing to raise issues relating to Mr. Mbulu's mental state.

His arguments about the jury instructions were related to the conspiracy to commit murder charge. He claimed that including the culpability level of "knowing" in the jury instructions permitted the jury to find him guilty of conspiracy to knowingly commit murder, which is a non-cognizable offense.

[¶24] Although Mbulu contends on appeal that his arguments about the two conspiracy charges were intertwined and that the district court erred by separating the two issues, the jury instructions for the two offenses were different. The jury received an instruction defining the different levels of culpability, including definitions for "knowingly" and "willfully." The instructions for conspiracy to commit murder informed the jury that the State's burden of proof was established if the evidence showed beyond a reasonable doubt that Mbulu agreed with Kisi "to intentionally or knowingly kill" the victim and Mbulu or Kisi engaged in one or more overt acts to further the objectives of the conspiracy. The final jury instructions for conspiracy to commit gross sexual imposition contained very different language, stating:

> A person who agrees with one or more other persons to compel a person to engage in a sexual act with another by compelling them to submit through the use of force or by the threat of imminent death, serious bodily injury, or kidnapping to be inflicted on any human being, and where one or more of those persons engages in one or more over[t] acts to further the objective of the conspiracy is guilty of Conspiracy to Commit Gross Sexual Imposition.
> Essential elements:
> The State's burden of proof is established if the evidence shows beyond a reasonable doubt, the following essential elements:
> 1) On or about November 20, 2015, in Williams County, North Dakota;
> 2) The Defendant, David Mbulu, agreed with Jean-Michael Kisi to compel [the victim], to engage in a sexual act with another by compelling [the victim] to submit by force or by threat of imminent

8

death, serious bodily injury, or kidnapping to be inflicted on [the victim], a human being; and

3) The Defendant and/or Jean-Michael Kisi engaged in one or more overt acts to further the objectives of the conspiracy.

The conspiracy to commit gross sexual imposition instruction did not use the words "knowingly" or "willfully."

[¶25] Because the instructions for the two conspiracy charges are different and do not use the same language, Mbulu's argument about being convicted of a non-cognizable offense based on the word "knowingly" being included in the jury instruction for the conspiracy to commit murder charge does not apply to the jury instruction for the conspiracy to commit gross sexual imposition charge. By failing to present any evidence or make any argument specifically about the conspiracy to commit gross sexual imposition instructions at the evidentiary hearing or in his post-hearing brief, Mbulu abandoned the issue. *See Berg v. Dakota Boys Ranch Ass'n*, 2001 ND 122, ¶ 13, 629 N.W.2d 563 (stating issue was abandoned at trial when no argument was offered and party failed to present evidence supporting the issue); *Livingood v. Meece*, 477 N.W.2d 183, 195 (N.D. 1991) (holding district court did not err in dismissing claim because the claim was abandoned when argument was not further developed or addressed after the claim was made in the complaint).

[¶26] We conclude the district court did not err by dismissing Mbulu's claim that the jury was improperly instructed on the conspiracy to commit gross sexual imposition charge. Because the district court granted Mbulu's claim for relief related to the conspiracy to commit murder charge and the State did not appeal the court's decision, we will not consider whether the court's decision should be reversed and remanded to give the parties an opportunity to address the *Pemberton* opinion.

IV

[¶27] We affirm the order in part, reverse in part, and remand.

[¶28] Jon J. Jensen, C.J.
        Gerald W. VandeWalle

9

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte