**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**OCTOBER 11, 2023**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 191

Hattie Albertson,                                    Petitioner and Appellee

    v.

Trent Albertson,                                    Respondent and Appellant

### No. 20230034

Appeal from the District Court of Bottineau County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED IN PART AND REMANDED.

Opinion of the Court by Bahr, Justice.

Erin M. Conroy, Bottineau, ND, for petitioner and appellee.

Gregory W. Liebl (argued) and Priscila A. Ulloa (on brief), Fargo, ND, for respondent and appellant.

**Bahr, Justice.**

[¶1]  Trenton Albertson appeals from a disorderly conduct restraining order directing he have no contact with Hattie Albertson and C.W.A., a minor child of Trenton Albertson and Hattie Albertson, for a one-year period. We conclude the district court did not abuse its discretion by denying Trenton Albertson's request for a continuance. Because the district court did not make findings of fact to explain the factual basis for granting the disorderly conduct restraining order, we retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand with instructions for the court to make sufficient findings to enable our review of the disorderly conduct restraining order. We deny Trenton Albertson's request for attorney's fees.

I

[¶2]  Trenton Albertson and Hattie Albertson were divorced in November 2021. They have three minor children, one of whom is C.W.A. In the divorce, the parties stipulated to sharing equal residential responsibility for their children.

[¶3]  On December 19, 2022, Hattie Albertson filed for a restraining order against Trenton Albertson. The district court issued a temporary disorderly conduct restraining order on the same day. The temporary disorderly conduct restraining order directed Trenton Albertson not to have contact with Hattie Albertson and their three minor children. A deputy sheriff served Trenton Albertson with the temporary disorderly conduct restraining order the evening of December 19, 2022. As noticed in the temporary disorderly conduct restraining order, the court held a hearing on December 29, 2022 to consider whether the temporary disorderly conduct restraining order should be extended.

[¶4]  Hattie Albertson appeared at the December 29, 2022 hearing with her attorney. Trenton Albertson appeared at the hearing without an attorney. At the start of the hearing, Trenton Albertson requested a continuance. He

explained, "Your Honor, I only spoke with counsel this morning. He advised me to seek a continuance in this." In response to the district court's question, "You've talked to an attorney?," Trenton Albertson responded, "Just this morning, yes." Trenton Albertson then identified the attorney. Hattie Albertson's counsel informed the court she has not been notified the identified attorney represents Trenton Albertson. After noting the court has not received an e-mail regarding the attorney's representation, the court denied Trenton Albertson's request for a continuance, stating, "[S]o we're going to go forward with the restraining order." At the conclusion of the hearing, the court granted the disorderly conduct restraining order as to Hattie Albertson and C.W.A. The court denied the disorderly conduct restraining order as to the parties' two other minor children.

[¶5] Utilizing a standard disorderly conduct restraining order form, the district court entered an order against Trenton Albertson incorporating its findings on the record as the basis for its decision.

## II

[¶6] Trenton Albertson argues the district court abused its discretion in denying his request for a continuance. We disagree.

[¶7] Courts have broad discretion when deciding whether to grant a continuance. *Avery v. Boysen*, 2020 ND 131, ¶ 14, 945 N.W.2d 314. A motion for a continuance will be granted only if the movant shows good cause. N.D.R.Ct. 6.1(b). A district court's decision to grant or deny a continuance is reviewed for an abuse of discretion. *Pinkney v. State*, 2021 ND 155, ¶ 8, 963 N.W.2d 737. "A court abuses its discretion by acting unreasonably, arbitrarily, or unconscionably." *Id.*

[¶8] A disorderly conduct restraining order is available under N.D.C.C. § 12.1-31.2-01, which "creates a special summary proceeding and directs a hearing upon order of the district court." *State v. Kenny*, 2019 ND 218, ¶ 6, 932 N.W.2d 516 (quoting *Skadberg v. Skadberg*, 2002 ND 97, ¶ 13, 644 N.W.2d 873). The statute requires a court hear the case within 14 days of the issuance

of the temporary order unless good cause exists for delay. N.D.C.C. § 12.1-31.2-01(5)(c).

[¶9]   Here, the temporary disorderly conduct restraining order was served on Trenton Albertson on December 19, 2022. The district court held a full hearing on December 29. Trenton Albertson had nine days to obtain counsel for the hearing. Trenton Albertson claims the intervening Christmas holiday made it difficult to secure counsel. However, Christmas was on a Sunday in 2022. Moreover, Trenton Albertson did not speak with counsel until the morning of the hearing, and did not provide any information indicating he attempted to contact counsel prior to the date of the hearing.

[¶10] Trenton Albertson claims the district court erred by not granting a continuance under N.D.R.Ct. 6.1(a). That argument was not made to the district court. Moreover, Rule 6.1(a) only entitles a party to a continuance if their attorney "is actually engaged in another trial or hearing[.]" N.D.R.Ct. 6.1(a). Here, an attorney did not make an appearance before or at the hearing on behalf of Trenton Alberton. The court specifically noted it had not received an e-mail regarding an attorney representing Trenton Albertson, and Hattie Albertson's counsel informed the court she had not been notified an attorney represents Trenton Albertson. Therefore, Rule 6.1(a) did not apply because Trenton Albertson did not have an attorney appear in the case when the hearing occurred.

[¶11]  Based on the record, Trenton Albertson did not provide good cause to the district court for a continuance, and the court did not abuse its discretion by proceeding with the hearing as scheduled. *See Schrodt v. Schrodt,* 2022 ND 64, ¶ 10, 971 N.W.2d 861 (affirming the denial of a continuance when a party knew for a week their attorney was withdrawing and did not acquire substitute counsel before trial).

## III

[¶12] Trenton Albertson argues the district court abused its discretion in granting the disorderly conduct restraining order. Our standard for reviewing a court's decision on a disorderly conduct restraining order is well established:

This Court will not reverse a district court's decision to grant a restraining order or to conduct a hearing absent an abuse of discretion. The district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.

*Hanisch v. Kroshus*, 2013 ND 37, ¶ 9, 827 N.W.2d 528 (internal citations omitted).

[¶13] Disorderly conduct is defined as "intrusive or unwanted acts, words, or gestures that are intended to adversely affect the safety, security, or privacy of another person." N.D.C.C. § 12.1-31.2-01(1). When a petitioner alleges "reasonable grounds to believe that an individual has engaged in disorderly conduct," the district court may grant a temporary disorderly conduct restraining order without notice to the respondent. N.D.C.C. § 12.1-31.2-01(4). "The court may then grant a restraining order if the petitioner complies with the procedural requirements of N.D.C.C. § 12.1-31.2-01(5), and if after a hearing, the court finds 'reasonable grounds' to believe the respondent has engaged in 'disorderly conduct.'" *Hanisch*, 2013 ND 37, ¶ 10.

[¶14] "Rule 52(a), N.D.R.Civ.P., applies to disorderly conduct restraining orders." *Combs v. Lund*, 2015 ND 10, ¶ 17, 858 N.W.2d 311. As explained in *Rekow v. Durheim*, 2022 ND 177, ¶ 8, 980 N.W.2d 917:

In an action tried on the facts without a jury, the court must find the facts specially and state its conclusions of law separately. "Under N.D.R.Civ.P. 52(a), a district court trying an action upon the facts without a jury 'shall find the facts specially.' A district court must make findings of fact that are sufficient to enable an appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law." A district court's findings of fact should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding of the district court's decision. Findings that do not specifically identify intrusive or unwanted acts that were intended to affect the safety, security, or privacy of another are inadequate.

(Internal citations omitted.)

[¶15] The district court's findings did not identify Trenton Albertson's intrusive or unwanted acts intended to affect the safety, security, or privacy of Hattie Albertson or C.W.A. The court simply stated it finds disorderly conduct as to Hattie Albertson and C.W.A., but not as to the other two children, explaining, "I don't really see any evidence regarding the two other children."

[¶16] The only finding Hattie Albertson identifies is the district court's statement it would find probable cause for a terrorizing charge. When advising Trenton Albertson of his right to testify and his Fifth Amendment right not to testify, the court explained the definition of the criminal offense of terrorizing and stated:

> If this was a criminal court—I'm telling you right now, in all fairness to you, if this was a criminal court and we had what we call a probable cause hearing, which means that a crime may more likely than not had occurred, I would find probable cause because of the—what I have heard. . . . [T]here is, I think, probable cause for a terrorizing charge, at the very least.

[¶17] The district court's statement is in the context of advising Trenton Albertson of his right to testify or not to testify, not to explain the factual basis for granting the disorderly conduct restraining order. Moreover, the court's statement is conclusory; the court did not specifically identify what facts would support probable cause for a terrorizing charge or whether the elements of a terrorizing charge are the same as or overlap the requirements to find disorderly conduct.

[¶18] The district court did not comply with the requirements of N.D.R.Civ.P. 52(a). The court did not make any factual findings relating to Trenton Albertson's intrusive or unwanted acts intended to affect the safety, security, or privacy of Hattie Albertson or C.W.A. Absent factual findings, we are unable to understand the factual basis of the court's determination, prohibiting us from conducting meaningful appellate review. *See Knox*, 2016 ND 15, ¶ 13 ("We are unable to properly review this issue without factual findings from the district court."); *Rolfstad, Winkjer, Suess, McKennett & Kaiser, P. C. v. Hanson*,

221 N.W.2d 734, 737 (N.D. 1974) ("Where, as here, a case is tried without a jury, we are governed by the provisions of Rule 52(a), N.D.R.Civ.P."). Accordingly, we remand to the court with instructions it make specific findings of fact on whether Trenton Albertson engaged in disorderly conduct as to Hattie Albertson and C.W.A.

IV

[¶19] Trenton Albertson requests this Court award him attorney's fees under N.D.C.C. § 28-26-01 and N.D.R.App.P. 38. He argues he "was forced to defend against an unwarranted order that was unjustified from the beginning."

[¶20] "The plain language of [N.D.C.C. § 28-26-01] requires courts in civil actions to award costs and fees, including attorney's fees, upon finding a claim for relief was frivolous, providing the prevailing party pled the alleged frivolousness of the claim." *Strand v. Cass Cnty.*, 2008 ND 149, ¶ 11, 753 N.W.2d 872. Trenton Albertson did not plead that Hattie Albertson's petition for a temporary disorderly conduct restraining order was frivolous, nor did he request the district court award him attorney's fees under N.D.C.C. § 28-26-01. Thus, an award of attorney's fees is not authorized under N.D.C.C. § 28-26-01. Moreover, N.D.C.C. § 28-26-01 applies to awards of attorney's fees by the district court, not this Court. *See* N.D.R.App.P. 38, Explanatory Note ("Rule 38 relates to an initial determination by the supreme court. In contrast, N.D.C.C. § 28-26-01, regarding 'frivolous' pleadings, . . . involve[s] determinations that are to be made initially by the district court."); *Matter of Estate of Nohle*, 2017 ND 100, ¶ 25, 893 N.W.2d 755 ("Our ability to impose sanctions under N.D.R.App.P. 38 is independent of the district court's ability to impose sanctions under N.D.C.C. §§ 28-26-01 and 28-26-31[.]").

[¶21] This Court may award attorney's fees and costs under N.D.R.App.P. 38 if it determines an appeal is frivolous. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Buchholz v. Buchholz*, 2022 ND 203, ¶ 43, 982 N.W.2d 275 (cleaned up). By its plain language, this portion of N.D.R.App.P. 38 applies to frivolous appeals. Trenton Albertson, not Hattie Albertson, filed the appeal. Rule 38, N.D.R.App.P., also authorizes an award of

attorney's fees when "any party has been dilatory in prosecuting the appeal[.]" Trenton Albertson has not shown Hattie Albertson was dilatory in prosecuting the appeal.

[¶22] We deny Trenton Albertson's request for attorney's fees.

V

[¶23] We conclude the district court did not abuse its discretion by denying Trenton Albertson's request for a continuance. We further conclude the court did not make findings of fact sufficient to permit appellate review. We retain jurisdiction under N.D.R.App.P. 35(a)(3) and remand to the court with instructions that, within thirty days from the filing of this opinion, the court make specific findings of fact on whether Trenton Albertson engaged in disorderly conduct as to Hattie Albertson and C.W.A. We deny Trenton Albertson's request for attorney's fees.

[¶24] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr