# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 205

David Ntoto Mbulu,  Petitioner and Appellant

v.

State of North Dakota,  Respondent and Appellee

### No. 20240036

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Kirsten M. Sjue, Judge.

AFFIRMED.

Per Curiam.

David Mbulu, Bismarck, ND, petitioner and appellant; submitted on brief.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for respondent and appellee.

# Mbulu v. State
## No. 20240036

**Per Curiam.**

[¶1] David Ntolo Mbulu appeals from an amended judgment denying his application for postconviction relief. Mbulu argues the following: (1) the availability of a co-defendant to testify is newly discovered evidence; (2) the court erred in questioning the veracity of the affidavit of a co-defendant; (3) his postconviction counsel provided ineffective representation; (4) the court prematurely issued a final judgment; and (5) his trial counsel failed to investigate a possible witness. In *Mbulu v. State*, 2022 ND 138, 977 N.W.2d 305, we remanded for an evidentiary hearing on a single issue, the resolution of an ineffective assistance of counsel claim related to Mbulu's co-defendant being called as a defense witness at trial, and we are limited by the law of the case doctrine. *See Pennington v. Cont'l Res., Inc.*, 2021 ND 105, ¶ 9, 961 N.W.2d 264 ("The law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and a party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or *which would have been resolved had they been properly presented in the first appeal*." (cleaned up)). On remand, the district court denied the ineffective assistance of counsel claim finding the decision not to call Mbulu's co-defendant was an appropriate trial strategy in light of the co-defendant's lack of credibility and potential admission of significant negative information regarding Mbulu.

[¶2] We conclude the district court's amended judgment is supported by findings meeting the required standard of proof and summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7). *Truelove v. State*, 2020 ND 142, ¶ 11, 945 N.W.2d 272 ("Our precedent for evaluating whether a particular trial strategy resulted in an ineffective assistance of counsel is well established: Trial strategy is the attorney's province and on appeal, we do not second guess matters of trial tactics, such as the decision to call certain witnesses, hire private investigators, or how to question certain witnesses." (cleaned up)). The remaining issues raised by Mbulu are either unnecessary for resolution of the appeal, not properly before this Court, or without merit. The amended judgment is affirmed.

1

[¶3]  Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr